Phyllis A. Carney, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Human Relations Commission, Homer C. Floyd, Executive Director, Respondent.

Argued June 4, 1979, before Judges WILKINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Mark L. Silon,* with him *Paul N. Sandler,* for petitioner.

*Benjamin G. Lipman,* for respondent.

OPINION BY JUDGE ROGERS, August 9, 1979:

Phyllis A. Carney has filed a petition for review in the nature of mandamus seeking an order compelling the Pennsylvania Human Relations Commission (PHRC): to reopen its investigation of charges of sex discrimination against her by her employer; to grant her a preliminary hearing before three or more Commissioners at which she would be accorded the right to present and cross-examine witnesses and offer evidence; and to pay to her reasonable counsel fees and costs in this proceeding. The PHRC has filed preliminary objections in the nature of a demurrer asserting that the petition was not timely filed and that the petition failed to state a cause of action for mandamus.

Preliminary objections in the nature of a demurrer admit all well pleaded facts and inferences deducible therefrom, but not conclusions of law. *Independent Association of Pennsylvania Liquor Control Board Employees v. Commonwealth,* 35 Pa. Commonwealth Ct. 133, 384 A.2d 1367 (1978).

Ms. Carney alleges that she filed a complaint with the PHRC charging that her employment at Magee Memorial Hospital had been terminated solely because of her sex; that her rate of compensation while employed was lower than that of male employees with similar responsibilities; and that the hospital had not, as required by law, provided posted notice of rights guaranteed by the Pennsylvania Human Relations Act. Other allegations are that the PHRC notified her by letter that it had dismissed her complaint because after investigation it believed that no probable cause existed to support her charges; that she filed a request for reconsideration; that this request was granted and that a conference was held on July 29, 1976 attended by her, her counsel, counsel for PHRC and an employer representative; that at the conference no participants testified under oath, no other evidence was received and no record of the proceedings made; and that a week later she was notified by letter that the PHRC had again determined that no probable cause for her complaint existed and reaffirmed its action dismissing the complaint.

Section 9 of the Pennsylvania Human Relations Act (PHRA), Act of October 27, 1955, P.L. 744, *as amended,* 43 P.S. §959, provides pertinently:

Any individual claiming to be aggrieved by an alleged unlawful discriminatory practice may make, sign and file with the Commission a verified complaint, in writing. . . .

After the filing of any complaint, or whenever there is reason to believe that an unlawful discriminatory practice has been committed, the Commission shall make a prompt investigation in connection therewith.

If it shall be determined after such investigation that no probable cause exists for crediting the allegations of the complaint, the Com-

mission shall, within ten days from such determination, cause to be issued and served upon the complainant written notice of such determination, and the said complainant or his attorney may, within ten days after such service, file with the Commission a written request for a preliminary hearing before the Commission to determine probable cause for crediting the allegations of the complaint. . . .

. . . .

The Commission shall establish rules or practice to govern, expedite and effectuate the foregoing procedure and its own actions thereunder. Three or more members of the Commission shall constitute the Commission for any hearing required to be held by the Commission under this act. . . .

PHRC has adopted regulations under Section 9 to be found at Subchapter F, 16 Pa. Code §§42.61, 42.62 and 42.63. These, pertinent to this case are the following:

42.62. Request for reconsideration of dismissal.

(a) If the complaint is dismissed, the complainant may request reconsideration of the dismissal of the complaint.

(b) The request for reconsideration of the dismissal of a complaint may be made only once for each ground of dismissal.

(c) A request for reconsideration of dismissal shall be in writing, shall state specifically the grounds relied on, and may contain new evidence not previously considered by the Commission.

(d) A request for reconsideration of dismissal and a request for a preliminary hearing shall be filed within ten days of the receipt of the notice of dismissal of the complaint.

§42.63. Reconsideration of dismissal.

(a) If the request for reconsideration of dismissal is granted, the matter will be referred to staff counsel who will consider any new evidence and secure new information as may be necessary and appropriate and who may convene a preliminary hearing if requested by the complainant in a timely manner.

(b) When a preliminary hearing is convened by staff counsel, the testimony taken at such preliminary hearing will not be transcribed or under oath. The staff counsel will hear the evidence, reinvestigate the facts if necessary, and file a report and recommendation with the Commission.

. . . .

(d) If, upon reconsideration of a complaint dismissed upon a finding of no probable cause, Commission staff determines that no probable cause exists to credit the allegations of the complaint, a finding of no probable cause will be made and reported to the Commissioners, and the Commissioners may reaffirm their dismissal of the complaint or take such other action as the Commissioners may deem appropriate.

It will be noted that while Section 9 of PHRA provides only for a preliminary hearing, the regulations provide for an additional procedure called a request for reconsideration, presumably to be accompanied by the statutory request for preliminary hearing. By §42.63(a), apparently the request for reconsideration is not intended to entail the participation of the complainant but is an entirely internal matter, one result of which may be the convening of a preliminary hearing. Further, under §42.63(b) of the regulations, the preliminary hearing consists only of what the petitioner here has properly described as the conference

she attended on July 29, 1976, at which there was no testimony under oath, evidence or record made.

Ms. Carney alleges that following the conference of July 29, 1976, and after being told for the second time that PHRC would dismiss her complaint, the Commission (apparently in response to her further request) notified her by letter dated August 23, 1977 that the conference she had attended *was* the preliminary hearing. She contends here that this was no hearing; that PHRC by Section 9 is required to have a preliminary hearing upon her request; and that such preliminary hearing by the same Section 9 must be conducted by three or more members of the. Commission. PHRC answers that Section 9 gives it sole and unfettered discretion to have a preliminary hearing or not to have one and that hence, even if the events of July 29, 1976 did not constitute a preliminary hearing, the petition does not describe a ministerial duty necessary for mandamus to lie. We agree with PHRC that Section 9 does not mandate a preliminary hearing whenever requested. Therefore, since this preliminary hearing is not a hearing "required to be held by the Commission", no commissioner is required to be present at the preliminary hearing.

We have concluded, however, that PHRC was, as a prerequisite to a valid determination that no probable cause existed, to afford Ms. Carney a hearing conforming to the requirements of the Administrative Agency Law (AAL), Act of June 4, 1945, P.L. 1388, *as amended,* 71 P.S. §1710.1 et seq., which was in effect at. the time of the PHRC actions complained of.[1]

---

[1] The Act of June 4, 1945 was repealed, effective June 27, 1978, by Section 2(a) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a) [1244]. Materially identical provisions (still called the Administrative Agency Law) are now codified in Title 2 of Consolidated Statutes, 2 Pa. C.S. §§501-508, 701-704.

Although Section 51 of the AAL did not name PHRC as an agency to which the Act applied, the same Section provided that the Act would apply to any other agency made subject to the provisions of the Act by any other Act of Assembly. Section 10 of PHRA in effect at the time of the Commission's actions complained of here, states pertinently: "Except as otherwise provided herein any order of the Commission may be reviewed under provisions of the Act of June four, one thousand nine hundred forty-five (Pamphlet Laws 1388), known as the 'Administrative Agency Law,' and its amendments." Section 44 of the AAL, 71 P.S. §1710.44, provides pertinently: "After hearing, the court shall affirm the adjudication unless it shall find . . . that the provisions of sections thirty-one to thirty-five inclusive of this act have been violated in the proceeding before the agency. . . ."

Clearly, a determination by PHRC that no probable cause exists for crediting the allegations of a complaint and dismissing the complaint is an adjudication, defined as "any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceedings in which the adjudication is made. . . ." Section 2(a) of AAL, 71 P.S. §1710.2(a). Section 31 of the AAL, 71 P.S. §1710.31, provided that every adjudication must be founded upon notice of a hearing and an opportunity to be heard. Section 31, 71 P.S. §1710.31 and Section 32, 71 P.S. §1710.32 provided that at such hearing, evidence may be received and examination and cross-examination permitted. The testimony was to be transcribed and a full and complete record made. Section 31, 71 P.S. §1710.31. The conference of July 29, 1976 conducted in this case did not comply with these requirements. Hence, we cannot say that as respects a hearing Ms. Carney's petition does not state a cause of action.

The PHRC, in support of its preliminary objection in the nature of a demurrer, also argues that mandamus would not lie because Ms. Carney had an adequate alternative remedy at law under Section 12 of PHRA, 43 P.S. §962. Subsection (b) provides that the procedures and determination under PHRA is the exclusive remedy for a person who files a complaint under PHRA. Subsection (c) states the following exception:

> (c) In cases involving a claim of discrimination, if a complainant invokes the procedures set forth in this act, that individual's right of action in the courts of the Commonwealth shall not be foreclosed. If within one (1) year after the filing of a complaint with the Commission, the Commission dismisses the complaint or has not entered into a conciliation agreement to which the complainant is a party, the Commission must so notify the complainant. On receipt of such a notice the complainant shall be able to bring an action in the courts of common pleas of the Commonwealth based on the right to freedom from discrimination granted by this act. . . .

The Legislature clearly intended that a complainant exhaust the procedures under the PHRA as a condition to the accrual of a right of action in the Court of Common Pleas. The purpose of making the remedy exclusive was, as the Pennsylvania Supreme Court has stated, "that the Legislature recognized that only an administrative agency with broad remedial powers, exercising particular expertise, could cope effectively with the pervasive problem of unlawful discrimination." *Pennsylvania Human Relations Commission v. Alto-Reste Park Cemetery Association,* 453 Pa. 124, 133-34, 306 A.2d 881, 887 (1973).

18

We believe the procedures before the PHRC and the right to sue in the court of common pleas *together* constitute the statutory remedy of petitioner and are not alternative adequate remedies. Petitioner has challenged the validity of the probable cause determination that formed the basis for dismissing her complaint, because she was afforded an inadequate hearing. As we have stated, a determination by the PHRC that no probable cause exists to credit the allegations of the complaint can be made only after a hearing at which testimony is recorded, Section 31 of AAL, 71 P.S. §1710.31, and must be supported by findings and reasons, Section 34 of AAL, 71 P.S. §1710.34. Therefore the dismissal of Ms. Carney's complaint was invalid and she properly seeks in this mandamus action to exhaust her remedy before the PHRC. If after a hearing conforming to the standards set forth in the Administrative Agency Law, the PHRC determines there is no probable cause to credit her complaint, petitioner may then pursue an action in the court of common pleas.

The PHRC also raised by way of the preliminary objection the asserted bar of laches to filing the petition. "[T]he defense of laches cannot be brought before the court by way of preliminary objections but must be raised as an affirmative defense in a responsive pleading under the heading 'New Matter.' See Pa. R.C.P. 1030." *Rose Tree Media School District v. Department of Public Instruction*, 431 Pa. 233, 238-39, 244 A.2d 754, 756 (1968) (footnote omitted).

We therefore enter the following:

ORDER

AND Now, this 9th day of August, 1979, the preliminary objections of the Pennsylvania Human Relations Commission are hereby overruled.