Goldie Tarlo, Appellant *v.* University of Pittsburgh, Appellee.

Argued October 5, 1981, before President Judge CRUMLISH, JR. and Judges ROGERS and CRAIG, sitting as a panel of three.

150

*Gary M. Davis,* for appellant.

*Ronald F. Talarico,* for appellee.

OPINION BY JUDGE CRAIG, April 14, 1982:

Goldie D. Tarlo appeals from an Allegheny County Common Pleas Court order quashing her statutory appeal. We reverse.

Tarlo's sex discrimination complaint against the University of Pittsburgh was dismissed by Pittsburgh's Commission on Human Relations (Commission) on August 13, 1980. By a letter dated August 19, 1980, and received by Tarlo and her attorney on August 21, 1980, the Commission's Director advised that an appeal could be filed with the Common Pleas Court within thirty (30) days of the letter's *receipt.*[1] A statutory appeal[2] was filed on September 22, 1980, within the time prescribed in the Commission's letter.[3]

---

[1] The letter stated, in pertinent part, that "[a]n appeal may be filed with the Court of Common Pleas within thirty (30) days of your receipt of this letter."

[2] The Local Agency Law, 2 Pa. C. S. §752, grants an aggrieved person the right to appeal a local agency adjudication to the court of appropriate jurisdiction.

[3] The thirty-day period (determined pursuant to the Commission's letter) expired on September 20, a Saturday. Since Pa. R.C.P. No. 106(b) omits Saturdays and Sundays for time computation purposes, the filing deadline was extended to the first court day following the 30th day, *i.e., Monday,* September 22.

The University, relying on 42 Pa. C. S. §§5571(b) and 5572,[4] which require an appeal to be filed within thirty days after *entry* of the order appealed, has moved to quash the appeal as being untimely.

Timeliness of an appeal, whether to an appellate court or common pleas court, is a jurisdictional question. *Gallardy v. Ashcroft,* 288 Pa. Superior Ct. 37, 44, 430 A.2d 1201, 1204 (1981). An extension of a statutory appeal period cannot be granted as a matter of grace or mere indulgence. *Dixon Estate,* 443 Pa. 303, 279 A.2d 39 (1971). Traditionally, such an extension has been limited to cases where "there is fraud or some breakdown in the court's operation." *West Penn Power Co. v. Goddard,* 460 Pa. 551, 556, 333 A.2d 909, 912 (1975). Negligence on the part of an appellant or counsel cannot justify the granting of an appeal nunc pro tunc. *See, e.g., Rostosky v. Department of Environmental Resources,* 26 Pa. Commonwealth Ct. 478, 364 A.2d 761 (1976). However, extension may be granted where the delay in filing was caused by a nonnegligent failure of the appellant's counsel. *See Bass v. Commonwealth,* 485 Pa. 256, 401 A.2d 1133 (1979). In *Bass,*[5] the court acknowledged that "at least in those

---

[4] 42 Pa. C. S. §5571(b) states that an "appeal from a tribunal or other government unit to a court . . . must be commenced within 30 days after entry of an order from which the appeal is taken. . . ."

42 Pa. C. S. §5572 provides that "[t]he date of service of an order of a government unit, which shall be the date of mailing if service is by mail, shall be deemed to be the date of entry of the order. . . ."

[5] In *Bass,* the appeal papers were completed several days before the expiration of the time allowed for filing. However, the secretary responsible for the filing was taken ill, left work and did not return until four days after the appeal period had expired. Although the office procedure routinely provided for a check to assure that secretarial assignments were promptly performed, the ill secretary had that responsibility. The Supreme Court there held that this failure to file on time was not negligent.

circumstances involving the non-negligent failure to file an appeal, members of the public should not lose their day in court.'' *Bass* at 260, 401 A.2d at 1135.

Here, Tarlo's counsel relied on the written statement of the Commission's Director—official but erroneous—that the appeal was to be filed within thirty days of the letter's receipt. We conclude that this case is governed by the principle of *Layton v. Unemployment Compensation Board of Review,* 156 Pa. Superior Ct. 225, 40 A.2d 125 (1944), and *Gill v. Unemployment Compensation Board of Review,* 165 Pa. Superior Ct. 605, 70 A.2d 422·(1950); in both of those cases, appeals nunc pro tunc were granted where the claimants missed filing deadlines after being unintentionally misled by the unemployment compensation authorities as to the proper appellate procedure.

Although attorneys are required to acquaint themselves with the rules of practice, *see Enterline v. Miller,* 27 Pa. Superior Ct. 463, 467 (1905), by looking them up if they are not presently in mind, we cannot say that an attorney is acting unreasonably if he believes a public official's statement of the rules applicable to his own agency on such a routine point. To require parties or their counsel to research every point expressed in each official statement, letter or form—which would be the consequence of an affirmance here—is too much of a burden.

Moreover, even though the misleading information here was unintentional, we should not adopt a view which would permit the errors of public officials, having an effect equivalent to fraud on their part, to free an agency from review. We must encourage officials to aid the public and the bar, not to mislead them.

## ORDER

Now, April 14, 1982, the order of the Court of Common Pleas of Allegheny County at SA 1067 of 1980,

dated October 14, 1980 is reversed, and this case is remanded with a direction to allow the appeal.

Judge PALLADINO did not participate in the decision in this case.

---

DISSENTING OPINION BY PRESIDENT JUDGE CRUMLISH, JR.:

I vigorously dissent.

I agree that a time extension to appeal should be granted where the delay is caused by the *non-negligent* failure of the appellant's counsel to file timely. *See Bass v. Commonwealth*, 485 Pa. 256, 401 A.2d 1133 (1979). I cannot, however, reasonably conclude that the instant failure was *non-negligent*.

I refer to the Code of Professional Responsibility[1] for direction. An attorney is instructed *"to become and remain proficient* in his practice and should accept employment *only in matters which he is or intends to become competent to handle."* Ethical Consideration 6-1. (Emphasis added.) Upon accepting employment, an attorney is directed to undertake the study necessary to qualify himself and "to prepare adequately for and give appropriate attention to his legal work." Ethical Consideration 6-4. Further, an attorney is expressly admonished not to "[h]andle a legal matter without preparation adequate enough in the circumstances." Disciplinary Rule 6-101. It is impossible to ignore these directives when analyzing this case. As the majority concedes, an attorney must be familiar with the well-settled procedural rules. This unfamiliarity with the everyday tools of his trade demonstrates the most basic—and blatant—disregard of an attorney's sworn duty to represent competently his client's interest.

---

[1] Adopted by the Pennsylvania Supreme Court, February 27, 1974.

Although I agree in principle with *Layton* and *Gill*, cited by the majority, these cases involved pro se appellants who generally are not conversant with the procedural rules, hence the cases are distinguishable. Where, as in this case, the appellant has the benefit of privately-retained counsel, I would not depart from the accepted principle that reliance upon assurances generally is not legally sufficient to extend time limits. *See Commonwealth v. Philadelphia Eagles, Inc.*, 437 Pa. 25, 261 A.2d 309 (1970). The only proper reliance is upon the statutory wording, and Tarlo, through her counsel, acted at her peril by relying on misinformation supplied by someone else, albeit in good faith. By allowing this appeal *nunc pro tunc*, where the appellant's counsel clearly has disregarded his professional responsibility, the majority is excusing (if not rewarding) this failure to represent completely his client's interest.

I would affirm the court below.