Timothy Baker, Petitioner v. Commonwealth of Pennsylvania, Pennsylvania Human Relations Commission, Respondent. Commonwealth of Pennsylvania, Department of Public Welfare, Intervenor.

Argued May 9, 1983, before Judges CRAIG, MAC-PHAIL and BARBIERI, sitting as a panel of three.

*Thomas B. Schmidt, III*, with him *Marjorie C. Marinoff* and *Steven L. Gross, Pepper, Hamilton & Scheetz*, for petitioner.

*Michael Hardiman*, Assistant General Counsel, for respondent.

No appearance for intervenor.

OPINION BY JUDGE CRAIG, June 29, 1983:

Dr. Timothy Baker, a white employee of the Pennsylvania Department of Public Welfare (DPW), appeals from a determination by the Pennsylvania Human Relations Commission (PHRC or commission) which, on a finding of no probable cause, dismissed his complaint of racial discrimination against DPW. Dr. Baker seeks reversal of the PHRC's investigative determination, asks our court to find that probable cause exists to credit the allegations of his complaint, and petitions for a remand to the commission for a hearing on the merits.

The PHRC, in turn, has filed a motion to dismiss,[1] claiming that our court lacks jurisdiction to entertain Dr. Baker's petition because he allegedly failed to exhaust his administrative remedies and because the PHRC's no-probable-cause determination is allegedly not an adjudication. We deny the PHRC's motion to dismiss, vacate its determination of no probable cause,

---

[1] On July 12, 1982, we granted the PHRC's motion to dismiss Dr. Baker's petition for review. On July 19, 1982, on Dr. Baker's motion for reconsideration, we vacated our previous order and directed the parties to address the issues raised by the commission's motion to dismiss either separate from, or in tandem with, the merits of this appeal.

and remand this case (1) for a hearing to determine if probable cause exists to credit the allegations of Dr. Baker's complaint and (2) for findings of fact and conclusions of law to support that determination.

On October 21, 1974, DPW promoted Mr. Willie Johnson, a black individual, to Regional Commissioner for Youth Services, Southeastern Region. Dr. Baker responded by filing a complaint with the PHRC on October 24, 1974, alleging that DPW denied him, and others similarly situated, the regional position because of race, in violation of section 5(a) of the Pennsylvania Human Relations Act, Act of October 27, 1955, P.L. 744, *as amended*, 43 P.S. §955(a) (Act).

Dr. Baker amended his complaint on April 6, 1976, alleging that he had requested an interview for the position, that DPW ignored his request, that DPW failed to post the position, and that Mr. Johnson's appointment was part of DPW's continuing effort to create a predominantly black work force within the Youth Services Division of the Southeastern Region.

The PHRC staff investigated Dr. Baker's allegations and, after three and one-half years, dismissed his complaint on a finding of no probable cause. The PHRC informed Dr. Baker of its decision by letter dated April 28, 1978.

Dr. Baker filed a timely Petition for Reconsideration on May 5, 1978; the PHRC approved that petition on February 25, 1980.

The PHRC staff again investigated Dr. Baker's allegations of racial discrimination and, by letter of July 15, 1981, Compliance Supervisor Stuart M. Gross informed DPW that probable cause existed to credit the allegations of the complaint. A five-page summary of the charge and findings of cause accompanied that preliminary recommendation. According to Mr. Gross' letter and his case-closing recommendation, the PHRC scheduled a conciliation meeting in the Philadelphia

regional office; apparently, that meeting was not successful.

By letter of January 22, 1982, Dr. Baker received notice from Mr. Gross that he would rescind the staff finding of probable cause and submit a closing recommendation of no probable cause to PHRC headquarters — a revised conclusion based upon the recommendation of Assistant General Counsel Claudette Spencer and the "previous legal memoes [sic] contained in the casefile."

On April 26, 1982, the PHRC adopted a finding of no probable cause and, by letter of May 6, 1982, notified Dr. Baker of its decision to dismiss his complaint.

Dr. Baker did not file a second petition for reconsideration.

### Reconsideration Petition

In its motion to dismiss, the PHRC contends that we do not have jurisdiction to hear this case because, by refusing to file a second reconsideration petition, Dr. Baker has not yet exhausted his administrative remedies. The PHRC relies upon its letter of May 6, 1982, which informed Dr. Baker of his right to request reconsideration of the commission's dismissal action. *See* Pa. Code §42.61(c).[2]

We agree with Dr. Baker, however, that he was precluded from filing a second petition for reconsidera-

---

[2] Section 42.61(c) provides:

Whenever a case is closed, the complainant and the respondent will be notified in writing of the closing in accordance with §42.62 of this title (relating to request for reconsideration of case closing); and, in the case of complaints filed on or after December 19, 1974, of the right of the complainant to bring an action in the Court of Common Pleas of the county wherein the alleged unlawful discriminatory practice took place.

tion because the PHRC regulations provide that "[t]he request for reconsideration of the closing of a complaint may be made only once for each ground of closing." 16 Pa. Code §42.62(b). Here, the PHRC closed Dr. Baker's case on March 26, 1978 and again on April 26, 1982 for the same reason, *i.e.*, that no probable cause existed to credit his allegations of unlawful discrimination.

The Supreme Court has recently clarified the exhaustion doctrine in *Shenango Valley Osteopathic Hospital v. Department of Health*, Pa. , 451 A.2d 434 (1982).[3] As the Supreme Court noted, this judge-made rule restrains the court from undermining a process designed to draw first upon agency expertise. *Shenango Valley* at , 451 A.2d at 438. Premature interruption of the administrative process (1) restricts the agency's opportunity to develop an adequate factual record, (2) limits the agency in the exercise of its expertise, and (3) impedes the development of a cohesive body of law in that area. *Id.* Our Supreme Court has also stated, however, that "[a]s with all legal rules, the exhaustion of administrative remedies rule is neither inflexible nor absolute.... " *Feingold v. Bell of Pennsylvania*, 477 Pa. 1, 6, 383 A.2d 791, 793 (1977). *See also Lukus v. Westinghouse Electric Corp.*, 276 Pa. Superior Ct. 232, 281, 419 A.2d 431, 457 (1980) (although exhaustion is prerequisite to action brought under section 962(c) of Act, remedies need not be twice-exhausted by requiring individual to file separate complaint before PHRC when that party is

---

[3] As our Supreme Court noted in *Shenango Valley*, the failure of a party to exhaust his administrative remedies does not divest this court of its subject matter jurisdiction. Rather, it is a judge-made rule designed to prevent the premature interruption of the administrative process. Pa. at , n. 7, 451 A.2d at 437. *See also Susquehanna Valley Alliance v. Three Mile Island*, 619 F.2d 231, 245 (3rd Cir. 1980).

already a party to class complaint pending before commission); *Walker v. Southern Railway Co.*, 385 U.S. 196 (1966) (exhaustion of remedy not required when National Railroad Adjustment Board's successive administrative delays last as long as ten years); *United States ex rel. Marrero v. Warden, Lewisburg Penitentiary*, 483 F.2d 656, 659 (3d Cir. 1973), *reversed on other grounds*, 417 U.S. 653 (1974) (exhaustion unnecessary if futile).

Our exercise of jurisdiction here does not prematurely interrupt the administrative process. In his first petition, Dr. Baker provided the PHRC with specific grounds for reconsideration and with documentation to support his request, as required by 16 Pa. Code §42.62(c).[4] The commission had over seven and one-half years to develop an adequate factual record and exercise its expertise. As balanced against an agency's right to have our court stay its hand, we must also consider the right of a complainant to prompt treatment. We believe, as Dr. Baker believes, that filing a second reconsideration petition here would have been futile.

## ˙Adjudication

The PHRC also claims that we do not have jurisdiction to entertain Dr. Baker's appeal, contending that a determination of no probable cause, as rendered here, is not an adjudication. Specifically, the PHRC submits that, because section 12 of the Act, 43 P.S. §962(c), provides a complainant with the option of pursuing his claim *de novo* in common pleas court, a determination of no probable cause would not

---

[4] Section 42.62(c) provides:
A request for reconsideration of case closing shall be in writing, shall state specifically the grounds relied on, and may contain new evidence not previously considered by the Commission.

ultimately determine the complainant's right to be free from discrimination.

In *Carney v. Pennsylvania Human Relations Commission*, 45 Pa. Commonwealth Ct. 10, 16, 404 A.2d 760, 764 (1979), the complainant filed a petition for review in the nature of mandamus, seeking an order compelling the PHRC to reopen its investigation of her sex discrimination complaint, and, specifically, afford her a preliminary hearing under section 9 of the Act, 43 P.S. §959. Section 9 provides, in pertinent part:

> After the filing of any complaint, or whenever there is reason to believe that an unlawful discriminatory practice has been committed, the Commission shall make a prompt investigation in connection therewith.

> If it shall be determined after such investigation that no probable cause exists for crediting the allegations of the complaint, the Commission shall, within ten days from such determination, cause to be issued and served upon the complainant written notice of such determination, and the said complainant or his attorney may, within ten days after such service, file with the Commission a written request for a preliminary hearing before the Commission to determine probable cause for crediting the allegations of the complaint.

In *Carney*, we noted that section 10 of the Human Relations Act makes any order of the commission subject to the Administrative Agency Law, and we held that the commission had to afford Ms. Carney a hearing conforming to that law, as a prerequisite to a valid final determination that no probable cause existed. We also held that a no-probable-cause determination, referring to one made *after a hearing*, would be an adjudication because it would constitute a "final order, decree, decision, determination or ruling by ... [an] ...

agency *affecting* personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding.... ” 2 Pa. C. S. §101 (emphasis added). The no-probable-cause determination, when made merely *after investigation*, is not final in that it is not a complete, valid adjudication.

The PHRC argues that the word “affecting” connotes the final or ultimate disposition of a personal or property right and that a determination of no probable cause under *Carney* cannot ultimately determine a complainant's right to be free from discrimination because of his section 12(c) right to proceed to common pleas court for a redress of his grievance. We disagree.

The word “affecting” does not connote the final or ultimate disposition of a right; in the context of the Administrative Agency Law, it only refers to final agency action which has “an effect upon” a party's rights.[5]

More significantly, by arguing that the right of a complainant to institute a de novo action in common pleas court divests the Commonwealth Court of its appellate jurisdiction to review commission adjudications of no probable cause, the PHRC appears to misperceive the legislature's purpose for enacting section 12(c). Section 12(c) provides:

> In cases involving a claim of discrimination, if a complainant invokes the procedure set forth in this act, that individual's right of action in the courts of the Commonwealth shall not be foreclosed. If within one (1) year after the filing of a complaint with the Commission, the Commission dismisses the complaint or has not entered into a conciliation agreement to which the complainant is a party, the Commission

---

[5] Webster's New Collegiate Dictionary 19 (1977).

must so notify the complainant. On receipt of such a notice the complainant shall be able to bring an action in the courts of common pleas of the Commonwealth based on the right to freedom from discrimination granted by this act.

43 P.S. §962(c).

As our Superior Court has noted, the legislature enacted section 12(c) to expand, not limit, the rights of a complainant, by providing him with the unconditional right to seek redress in court whenever the PHRC fails to achieve a result satisfactory to the complainant within a reasonable time, *i.e.*, within a year. *Lukus* at 274, 419 A.2d at 453-54. Moreover, he must exhaust the procedures under the Act as a condition to the accrual of a right of action in common pleas court. *Carney* at 17, 404 A.2d at 764.

Section 12(c), however, does not appear to prevent a complainant from first seeking appellate review of a post-hearing no-probable-cause determination in our court. Each court serves a different function. We review the probable cause adjudication of the commission to determine if it has violated the constitutional or procedural rights of the complainant, failed to act in accordance with law, or failed to support any necessary finding of fact with substantial evidence. *Pennsylvania Human Relations Commission v. Feeser*, 469 Pa. 173, 178-79 n. 9, 364 A.2d 1324, 1326-27 (1976). The common pleas court, on the other hand, adjudicates the right of a complainant to be free from discrimination. 43 P.S. §962(c). Once the complainant has exhausted his remedies before the commission, *Carney*, he may proceed by way of appeal to our court or by way of original action in the common pleas court; fundamentally, the choice is his.

Contrary to the position which it has taken in its brief, however, the PHRC never rendered a valid ad-

judication here, because it never offered Dr. Baker reasonable notice of his right to a preliminary hearing. *Hardees Food Systems v. Department of Transportation*, 495 Pa. 514, 434 A.2d 1209 (1981) (landowner's application for access to public highway may not be denied by internal communication between agency employees; right of access is constitutionally protected property right and may only be denied after agency has afforded applicant "reasonable notice of a hearing and a meaningful opportunity to be heard"); *Callahan v. Pennsylvania State Police*, 494 Pa. 461, 431 A.2d 946 (1981) (letter terminating disability benefits does not comply with an adjudication as required by terms of Administrative Agency Law; aggrieved party must be given notice of hearing and opportunity to be heard).

Here, the commission never gave *any* notice of the right to a hearing. In its letters of April 18, 1978 and May 6, 1982, the commission only informed Dr. Baker that his complaint had been dismissed and that he had "a right to appeal this decision ... by applying for Reconsideration of Dismissal." The PHRC never informed Dr. Baker of his section 9 right to file, within ten days, a written request for a preliminary hearing before the commission. In fact, the wording of the 1982 letter reveals that the commission led Dr. Baker to believe that he had only two options: (1) to petition for reconsideration, a purely internal agency process of review which, apparently, does not entail complainant participation, *Carney* at 14, 404 A.2d at 763, or (2) to bring an action in common pleas court under section 12(c).

Unlike the complainant in *Carney*, Dr. Baker did not request a preliminary hearing under section 9 of the statute. On the other hand, the commission has never raised as an issue Dr. Baker's failure to make that request within the allowable ten-day period or

otherwise. Indeed, the commission appears to have operated consistently under the assumption that Dr. Baker was not entitled to notice of his right.

Timeliness of an appeal goes to the subject matter jurisdiction of the court and may be raised at any time, even on the appellate level, either by the parties or by the court on its own motion. *Department of Transportation v. Bower*, 48 Pa. Commonwealth Ct. 379, 410 A.2d 91 (1980). We believe that this case is governed, however, by the principle that a claimant who misses a filing deadline will not be penalized after being misled by agency authorities as to the proper appellate procedure. *Tarlo v. University of Pittsburgh*, 66 Pa. Commonwealth Ct. 149, 443 A.2d 879 (1982). As we observed in *Tarlo*, "we should not adopt a view which would permit the errors of public officials, having an effect equivalent to fraud on their part, to free an agency from review." 66 Pa. Commonwealth Ct. at 152, 443 A.2d at 881. That is especially true here, where the agency actively led Dr. Baker to believe that he had only two choices, neither of which included the right to request a preliminary hearing.

Accordingly, we will deny the commission's motion to dismiss.

## Merits of Appeal

Dr. Baker asserts that the doctrine of collateral estoppel precluded the PHRC from making an investigative finding of no probable cause in his case. We disagree.

Collateral estoppel is a doctrine of issue preclusion that "seeks to prevent the relitigation of a finally litigated issue in a subsequent proceeding between the same parties.... " *Commonwealth v. Hude*, 492 Pa. 600, 617, 425 A.2d 313, 322 (1980). A plea of collateral estoppel is valid if: (1) the issue decided in the prior adjudication was identical with the one presented

in the later action, (2) there was a final judgment on the merits, (3) the party against whom the plea is asserted was a party or in privity with the party to the prior adjudication, and (4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action. *Safeguard Mutual Insurance Co. v. Williams*, 463 Pa. 567, 574, 345 A.2d 664, 668 (1975) citing *In Re Estate of Ellis*, 460 Pa. 281, 287, 333 A.2d 728, 731 (1975).

Dr. Baker relies upon *Cleary v. Department of Public Welfare*, No. 77-2981 (E.D. Pa. December 4, 1979), 21 F.E.P. Cases 687, where the federal district court, in a non-class action suit, denied a n.o.v. motion and upheld a jury determination that DPW and Mr. Johnson, among others, violated federal antidiscrimination statutes by conspiring to replace white personnel with black personnel in the Southeastern Region, thereby denying Richard Cleary, a furloughed white employee, an opportunity to obtain further employment with DPW.[6]

Under the collateral estoppel doctrine, the PHRC was not constrained by *Cleary* to find probable cause here. There was not an *identical* identity of issues; the mere existence of a conspiracy to deny Mr. Cleary employment does not necessarily mean that DPW also conspired with others to deny Dr. Baker the regional commissioner post which ultimately went to Mr. Johnson.

Finally, Dr. Baker contends that the 1982 dismissal of his complaint cannot stand because the commission made no findings of fact, capriciously disregarded the

---

[6] Statistical data produced by Mr. Cleary at trial indicates that the percentage of black full-time administrative employees in the Cornwell Heights and Philadelphia Youth Development Centers increased from 55% in January 1975 to 95% in June 1978. Dr. Baker submitted this data to the PHRC with his petition for reconsideration.

evidence of record used to support Mr. Gross' preliminary finding of probable cause, and failed to support its no probable cause determination with substantial evidence.

We cannot determine if the commission capriciously disregarded evidence of record because we do not know upon what facts it relied to dismiss Dr. Baker's complaint. The commission made no findings of fact; it merely concluded, after investigation, that there was no probable cause.

As noted above, Dr. Baker was entitled to reasonable notice of his right to a preliminary hearing, leading to a meaningful opportunity to be heard; and the commission failed on both counts. Accordingly, we will remand this case for a prompt hearing, to be followed by findings of fact which rely upon the evidence of record and reasons sufficiently detailed to support an adjudication. *Cf. Hardees* at 521, 434 A.2d at 1212 (in vacating Commonwealth Court order, Supreme Court remanded for further proceedings before agency with instructions that applicant be given reasonable notice of opportunity to be heard).

In its brief, the commission has informed us that Dr. Baker recently instituted a section 12(c) action and, accordingly, argues that it is estopped from proceeding further because the common pleas court now has jurisdiction of this case. We disagree because, in effect, we have rendered the commission's dismissal of this complaint a nullity and, thereby, have removed one basis for proceeding to common pleas court. We also recognize, however, that section 12(c) also permits a complainant to proceed before the common pleas court if the PHRC has failed to act within one year after the filing of a complaint. Because Dr. Baker has waited over seven and one-half years for an adjudication, we do not want our order to prejudice his section 12(c) right to change forum. Therefore, Dr. Baker

may elect to proceed before the commission for a probable cause hearing, per our order, or he may proceed before the common pleas court, so long as he informs the PHRC of his decision within thirty days.

ORDER

Now, June 30, 1983, the Pennsylvania Human Relation Commission's motion to dismiss is denied, and the order of the commission dated May 6, 1982 is vacated, and this case is remanded. The commission shall hold a hearing to determine if probable cause exists to credit the allegations of Dr. Baker's complaint, and to make findings of fact and conclusions of law to support that determination, provided that Dr. Baker informs the commission within thirty days of his decision to proceed before the commission for a probable cause hearing, per this order, rather than presently before the common pleas court under section 12(c). Proceeding before the commission shall not preclude Dr. Baker from subsequently exercising his right to seek optional relief under section 12(c) after the commission makes the post-hearing probable cause determination thus directed.

Jurisdiction relinquished.