## Commonwealth v. Cintofanti

*Lori Montgomery, assistant district attorney,* for the Commonwealth.

*George A. Priestley,* for defendant.

WOOD, *J.,* October 16, 1986—This matter is before the court on defendant's petition to be allowed to appeal a summary conviction nunc pro tunc. At a hearing held before this court August 20, 1986, petitioner testified that, at all times relevant hereto, he was living in California, but received mail at a Pennsylvania address: 1239 Ganett Drive, Huntingdon Valley, Pa.

On April 18, 1984, a citation was issued to petitioner. On November 27, 1984 the office of District

Justice Susann E. Welsh sent a letter to the Huntingdon Valley address scheduling a hearing for December 12, 1984.

On December 9, 1984, petitioner sent a letter to District Justice Welsh requesting a continuance. The return address on this letter was: 955 Easton Road E-51, Warrington, Pa. 18976. The district justice refused to grant the continuance, and found petitioner guilty in absentia on December 12, 1984. That same day, the district justice sent a letter to petitioner indicating that he had been found guilty and advising him of his right to appeal. This letter was sent to the Warrington address by regular mail. In fact, this address was that of petitioner's parents and petitioner says that he never received notice of the guilty verdict or of his right to appeal.

Petitioner testified further that he did not know that he had been found guilty until May 1985, when the Department of Transportation sent him notice that his license was being suspended. Petitioner now asks leave to appeal nunc pro tunc, arguing that because the court used the wrong address, his failure to receive notice of his right to appeal amounts to a "breakdown in the court system." Such a breakdown is grounds for allowance of an appeal nunc pro tunc. Marcinak v. Lavery, 286 Pa. Super. 96, 428 A.2d 587 (1981); Pa.R.A.P. 105(b), comment. See Purdy Estate, 447 Pa. 423, 291 A.2d 93 (1972); Nixon v. Nixon, 329 Pa. 256, 198 Atl. 154 (1938).

Clearly the court has a duty to inform defendant of his post-verdict rights: Pa.R.C.P. 83(e) (formerly Pa.R.C.P. 63(f).) However, it is equally clear that District Justice Welsh's office relied on the latest address supplied by defendant himself and that defendant's failure to receive notice was his own doing and not a "breakdown in the court system."

In addition, defendant learned of the verdict in "Spring 1985," yet did not file the instant petition until May 21, 1986. He says that the appeal was filed late because it got lost when his attorney moved his office. Unfortunately, the mere neglect of counsel cannot justify the granting of an appeal nunc pro tunc: Farlo v. University of Pittsburgh, 66 Pa. Commw. 149, 443 A.2d 879 (1982); Rostosky v. Commonwealth, Department of Environmental Resources, 26 Pa. Commw. 478, 364 A.2d 761 (1976). Although the Supreme Court of Pennsylvania, in Bass v. Commonwealth, 485 Pa. 256, 401 A.2d 1133 (1979), allowed an appeal nunc pro tunc, four days after the statutory deadline, where the appeal papers were drafted before the deadline but were not filed because the secretary responsible for filing was taken ill, the court in that opinion stated:

"Without doubt the passage of any but the briefest period of time during which an appeal is not timely filed would make it most difficult to arrive at a conclusion that the failure to file was non-negligent." Id., 401 A.2d at 1135.

A delay of one year does not qualify as "the briefest period of time."

## ORDER

And now, this October 16, 1986, defendant's petition to allow appeal nunc pro tunc of the summary conviction entered on December 12, 1986 is hereby dismissed.