527 A.2d 1077

Alternate Energy Store, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Department of Environmental Resources, Respondent.

Argued June 10, 1986, before Judges CRAIG and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Marc D. Jonas, Silverman, Jonas & Lawrence,* for petitioner.

*John Wilmer,* Assistant Counsel, for respondent.

OPINION BY JUDGE BLATT, June 23, 1987:

The Alternate Energy Store, Inc. (petitioner) petitions for review of the order of the Environmental Hearing Board (Board) which dismissed the petitioner's appeal from a letter (the letter) which the Department of Environmental Resources (DER) mailed to the petitioner's counsel on April 5, 1985.[1]

This controversy has its genesis in DER's May 20, 1981 grant of a noncoal surface mine operating permit (the permit) to the petitioner for a site in Lower Provi-

---

[1] The text of the April 5, 1985 letter is as follows:
I am writing in response to your letter of April 1, 1985. You have advised me, and I have confirmed that Alternate Energy Store ('AES') was issued Mining Permit No. 302093-46800301-01-0 ('Mining Permit') on May 4, 1981. You have also advised us, and we have confirmed [sic] that mining had not commenced at this site. You have also advised us [sic] and we have confirmed [sic] that a request for an extension of the mining permit was not made prior to the expiration date.
25 Pa. Code [sic] 77.102(a)(6) specifies that mining permits expire automatically within two years of issuance unless an extension of time has been granted by the Department. By automatic operation of 25 Pa. Code [sic] 77.102(a)(6), the mining permit expired on or about May 4, 1983.
Please call me if you wish to discuss this matter further.
Sincerely yours,
/s/ JOHN WILMER
Assistant Counsel
As will be seen, the May 4, 1981 issuance date referenced in the letter is erroneous, however, inasmuch as the petitioner made no attempt to extend the permit until 1985, this error is immaterial in this case.

dence Township (Township), Montgomery County. The permit carried a standard condition requiring compliance with local zoning ordinances[2] and a special condition establishing a two-year life span for the permit.[3]

The Township appealed the permit grant to the Board (Township appeal), which then conducted proceedings separate and apart from the instant proceedings. And, in order to satisfy the permit's zoning compliance condition, the petitioner filed a validity challenge and a request for a special exception with the Township's zoning hearing board. Both of these administrative matters required lengthy proceedings and the zoning case is now pending before the Montgomery County Common Pleas Court a second time. Due to this litigation, the petitioner never commenced mining operations under the permit. At no time prior to the permit's expiration did the petitioner seek an extension from DER.

Following the completion of the Board's proceedings on the Township's appeal in 1984, the petitioner became aware that DER was considering the temporal expiration of the permit. The petitioner, in December 1984, requested DER to extend the permit *nunc pro tunc*. Inasmuch, however, as the permit had expired more than one and one-half years earlier, with no timely extension request and no commencement of mining,

---

[2] The pertinent standard condition provides as follows:
Permittee is hereby notified that he/she/it is responsible for complying with local zoning ordinances pursuant to section 17 of the Surface Mining Conservation and Reclamation Act.

[3] The relevant special condition is found at 25 Pa. Code §77.102(a)(6) and provides as follows:
The permit issued shall expire two years from the date of the permit issuance unless mining has been started or an extension of time has been granted by the Department.

DER, in the letter here concerned, implicitly rejected this belated extension request.

The petitioner then filed its appeal to the Board, which, in response to DER's motion, issued the dismissal order presently under review.

On review, the petitioner presents several allegations of legal error[4] on the part of the Board.

The first such allegation is that the Board erred in rejecting the petitioner's contention that the letter constituted an appealable administrative order.

In *Sunbeam Coal Corp. v. Department of Environmental Resources,* 8 Pa. Commonwealth Ct. 622, 304 A.2d 169 (1973), we held that written notice from DER to certain coal companies advising these companies that DER considered them to be violating the Surface Mining Conservation and Reclamation Act, 52 P.S. §§1396.1-1396.31, were not "adjudications" within the meaning of the Administrative Agency Law,[5] nor ap-

---

[4] Our review of Board adjudications is limited to determining whether or not constitutional rights have been violated, legal errors have been made or necessary findings of fact are unsupported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986); *Department of Environmental Resources v. Pennsylvania Mines Corp.,* 102 Pa. Commonwealth Ct. 452, 519 A.2d 522 (1986).

[5] At the time that *Sunbeam Coal* was decided, Section 2(a) of the Administrative Agency Law, Act of June 4, 1945, P.L. 1388, 71 P.S. §1710.2(a), defined an adjudication as:

Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities or obligations of any or all of the parties to the proceeding in which the adjudication is made, but shall not mean any final order, decree, decision, determination or ruling based upon a proceeding before a court, or which involves the seizure or forfeiture of property, or which involves paroles, pardons or releases from mental institutions.

pealable DER "actions" as defined by the Administrative Code.[6]

We believe that *Sunbeam Coal* is controlling here. Just as the written notices in *Sunbeam Coal* were

---

The foregoing was repealed in 1978, Act of April 28, 1978, P.L. 202, *as amended,* and re-enacted in substantially the same form as follows:

> Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made. The term does not include any order based upon a proceeding before a court or which involves the seizure or forfeiture of property, paroles, pardons or releases from mental institutions.

2 Pa. C. S. §101.

[6] Section 1921-A(c) of the Administrative Code, Act of April 9, 1929, P.L. 177, added by Section 20 of the Act of December 3, 1970, P.L. 834, 71 P.S. §510-21(c), provides:

> Anything in the law to the contrary notwithstanding, any action of the Department of Environmental Resources may be taken initially without regard to the Administrative Agency Law, but no such action of the department adversely affecting any person shall be final as to such person until such person has had the opportunity to appeal such action to the Environmental Hearing Board, provided, however, that any such action shall be final as to any person who has not perfected his appeal in the manner hereinafter specified.

For the purposes of the Board's practice and procedure, 25 Pa. Code §21.1 defines a DER "action" as:

> [a]n order, decree, decision, determination or ruling by the Department affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of a person, including, but not limited to denials, modifications, suspensions and revocations of permits, licenses and registrations; orders to cease the operation of an establishment or facility, orders to correct conditions endangering waters of the Commonwealth, orders to construct sewers or treatment facilities; orders to abate air pollution; and appeals from and complaints for the assessment of civil penalties.

neither adjudications nor appealable DER actions, so the presently involved letter may not be classified in either category. Clearly, DER, through its counsel, was merely advising the petitioner of the status of the permit. We must conclude, therefore, that the Board did not err in holding the letter to be unappealable.

Next, the petitioner contends that its right to due process was violated by the letter because it was afforded no advance notice by DER of the permit's expiration and because DER did not raise the expiration issue during the Board's proceedings on the Township's appeal.

Inasmuch, however, as the petitioner was notified at the time of the issuance of the permit that its rights thereunder would expire after two years unless mining was commenced or an extension was granted, the petitioner cannot now claim ignorance of the conditions under which it accepted the Commonwealth's approval to conduct mining operations. Nor, we believe, can the petitioner escape the consequences of its failure to timely request an extension based on what it asserts to be DER's failure to raise the expiration issue before the Board as that tribunal was considering the Township's appeal. This is so because the issue then before the Board, as we perceive it, was the validity of the permit, a determination which could stand as *res adjudicata* on the question of whether or not mining may be conducted on the involved site. Presently, the expiration of the permit by operation of regulation imposes no permanent barrier, of which we are aware, which would prevent the petitioner from reinstituting the permitting process. Accordingly, we perceive no due process violations in this case, nor do we believe that the petitioner was deceived by DER in any way as to the running of the permit's time limit.

Lastly, the petitioner contends that it should be allowed to appeal the expiration of the permit to the Board, *nunc pro tunc* and, also, that it should be allowed a *nunc pro tunc* extension of the permit.

We can find no conduct on the part of the Board, however, which could constitute appropriate grounds for appealing the permit's expiration *nunc pro tunc. See Rostosky v. Department of Environmental Resources,* 26 Pa. Commonwealth Ct. 478, 364 A.2d 761 (1976). Nor can we, in light of our holding here that the petitioner was not relieved of its obligation to request an extension of the permit by DER's participation in the Township's appeal, hold that the petitioner was in any way misled by DER as to the need to so extend the permit during the pendency of the Township's appeal. *See Tarlo v. University of Pittsburgh,* 66 Pa. Commonwealth Ct. 149, 443 A.2d 879 (1982). We conclude, therefore, that the Board did not err in refusing to grant the petitioner's requests to file *nunc pro tunc* appeals.

Accordingly, we will affirm the Board's order.

ORDER

AND NOW, this 23rd day of June, 1987, the order of the Environmental Hearing Board in the above-captioned matter is affirmed.