510 A.2d 1274

County of Monroe and Monroe County Board of Assessment Appeals, Appellants *v.* Pinecrest Development Corporation, Appellee.

Argued May 12, 1986, before Judges CRAIG and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*John B. Dunn,* Assistant County Solicitor, for appellants.

*Mark P. Pazuhanich,* with him, *Alan Price Young, Hanna, Young & Upright,* for appellee.

OPINION BY JUDGE CRAIG, June 16, 1986:

The County of Monroe and the Monroe County Board of Assessment Appeals appeal from an order of the Court of Common Pleas of Monroe County directing the county to reassess, for tax purposes, four residential properties located in the Pinecrest Lake Resort.

The developer/owner of those properties, Pinecrest Development Corporation, had appealed the assessment of those four properties to both the Monroe County Board of Assessment Appeals and the Court of Common Pleas. We remand this case for the trial court to issue an order consistent with the statutory requirements of section 704 of The Fourth to Eighth Class County Assessment Law, 72 P.S. §5453.704, which requires that:

    (b) In any appeal of an assessment the court shall make the following determinations:

    (1) The current market value for the year in question.

    (2) The common level ratio.

The four residential units at issue are located in Pinecrest Lake Resort vacation and residential community. That sixty-nine acre development consists of forty-seven residential units covering approximately one-half acre of the land. Most of those units are situated in clusters of four townhouses, with two end units and two middle units sharing some common walls. The balance of the sixty-nine acres are common areas, including tennis courts, lake and swimming pool, recreation building, wading pool, and a larger swimming pool not yet constructed.

Title to a townhouse unit is conveyed in a "footprint deed", representing a conveyance of the building and the land directly underneath the building. By clauses in the deeds, the owners have exclusive easement rights in the common area and facilities. Those easement rights are easements appurtenant.

The developer had created a non-profit trust to hold title to the common area. That trust is intended to furnish and maintain common area services for the benefit of the property owners. The county assigned a separate tax number to the common area and assessed the common area at zero value.

The trial court concluded that the county's assessments conformed with constitutional uniformity requirements. The developer has not filed a cross-appeal on that issue.

In ordering the county to reassess the developer's four property units, the trial court directed the county (1) to assess their fair market values without any consideration of the common area, (2) to calculate the value of the townhouses using a "B" building construction-type rating, and (3) to assess and tax the common area separately to the record legal owner of that area—in this case, the trust.

Although we are remanding this case to the trial court because, under Section 704 of The Fourth to Eighth Class County Assessment Law, it was required to determine the current market value of the four townhouse units rather than directing the county to reassess those values, there are two important issues for our consideration: (1) whether the common area should be taxed and assessed separately; and (2) whether the townhouse units should be assessed without consideration of the common area easement rights.

### Common Area Value

Although this court agrees with the trial court that the county must tax and assess the common area separately, we note that a common area may have a market value which is substantial or nominal, so that its assessment may or may not be for a nominal figure.

Pennsylvania case law has consistently held that actual market value is that price which a purchaser, willing but not obliged to buy, would pay an owner, willing but not obliged to sell, taking into consideration all uses which the property is adapted and might in reason be applied. *In Re: Johnstown Associates*, 494 Pa. 433, 431 A.2d 932 (1981).

Here, the property owners have exclusive rights of easement to the common area, including exclusive use of the facilities. That use exclusivity could diminish the actual market value of the common area to zero or nominal value because there may not be a buyer willing to purchase the common area subject to those restrictive easement provisions.

However, not all developments with common areas have such stringent easement provisions. In *Community Association of Pocono Farms, Inc. v. Monroe County Board of Assessment Appeals*, (No. 947, January Term, 1979, filed August 14, 1980), a tax assessment appeal case before the same trial judge as here, the lot owners had non-exclusive easement rights to a common area golf course which also extended golf memberships to individuals not owning lots in the development. There, the collective value of those property owners' easements did not wholly diminish the actual market value of the golf course. The judge there correctly concluded that there was more to the whole value of that common area golf course than the sum of the various easements.

Similarly, the common area in this case could have value greater than the sum of the easements if the property owners released all or part of their easement rights. The actual market value of the common area could also change if the property owners modified their easement rights to permit the title holder of the common area to extend privileges to non-property owners.

Because the assessment of the common area is not before us on appeal, we will not review the county's determination that the common area had zero actual market value. That value must be determined on a case-by-case basis because of the likelihood that any recreational development with a common area will have unique characteristics affecting the actual market value of the common area.

## Easement Value

Under Section 602(a) of The Fourth to Eighth Class County Assessment Law, 72 P.S. §5453.602(a), the county had the duty to assess the actual value of the individual townhouse properties. The section prescribing the valuation method states, in pertinent part:

> In arriving at actual value the county may utilize the current market value or it may adopt a base year market value. In arriving at such value, the price at which any property may actually have been sold either in the base year or in the current taxable year shall be considered, but shall not be controlling. . . . In arriving at the actual value, all three methods: namely, cost (reproduction or replacement, as applicable, less depreciation in all forms of obsolescence), comparable sales and income approaches, must be considered in conjunction with one another.

The county's original assessment of the property's actual market values was primarily based on recent sales data of similar units in the development. During the appeal process, the county justified its valuation determinations, through the following analysis: The county first determined the actual market value of a property based on comparable sales. Next, the county assigned a value to the land directly under the building and a value to the building itself. After subtracting those two values from the actual market value based on comparable sales, the county concluded that the remainder was the value of the easement right. The county determined that the easement value of every property was $20,000. Hence, the county assigned a specific value to three components of the property—the building, the land and the easement right.

The issue is whether the trial court erred in determining that the actual market value of an individual

townhouse unit should not include consideration of the value of the easement right. Although we find that the trial court erred in that conclusion, we do not find the county's three component method of valuation to be correct.

The method of assessing a townhouse unit in a recreational development should be analogous to the method of assessing a condominium unit under the Uniform Condominium Act.[1] A provision in that Act[2] requires the assessment of "each unit together with its common element interest." Hence, the value of the easement must be reflected as an intangible element of the actual market value of the whole property.

The county erred in assigning a specific value to the easement right. As noted in the county's brief, Professor Jan Krasnowiezki has soundly addressed the valuing of an appurtenant easement by stating:

> The assessor should assess the value of the appurtenant easement as part of the value of the home. In fact, he probably always does so, consciously or unconsciously.[3]

The value of an appurtenant easement is inherent in the overall actual market value of the property because that easement influences the price which a willing buyer would pay a willing seller for that property.

Finally, there remains the issue concerning the trial court's determination that the building should be assessed using a "B" construction-type rating in relation to reproduction cost.

Although the replacement or reproduction cost of the building is only one valuation approach to be con-

---

[1] Uniform Condominium Act, 68 Pa. C. S. §§3101-3414.

[2] 68 Pa. C. S. §3105.

[3] Townhouse Condominiums Compared to Conventional Subdivisions with Home Associations, Real Estate Law Journal 323 at 341 (January 1973).

sidered in conjunction with income[4] and comparable sales approaches, the trial court did not abuse its discretion in finding the evidence supporting a "B" rating more credible than the county's evidence supporting an "A" rating.

The developer argues that the county erred in weighting heavily the comparable sales of similar units in its overall value assessment because Section 602(a) of The Fourth to Eighth Class County Assessment Law, 72 P.S. §5453.602(a) instructs that the price at which the subject property may have been sold is not controlling. However, that provision is not applicable here because these four properties had not been sold, but belonged to the developer, when assessed.

Because we are remanding this case to the trial court to determine the actual market values of the four properties, we will refrain from indicating the amount of weight which the court should give the different valuation approaches. The trial court has the duty to weigh the evidence of comparable sales with the evidence of building value in determining what a willing buyer would pay a willing seller for a unit.

Accordingly, we remand this case to the trial court to make a determination of the actual market values of the four units, considering all factors affecting those market values, including the exclusive easement rights to the common area.

### ORDER

NOW, June 16, 1986, the order of the Court of Common Pleas of Monroe County, at No. 2324, 1984—Civil, dated April 24, 1985, is vacated and remanded to the trial court to make a determination of the actual market values of the properties in question,

---

[4] Here, an income approach is inappropriate because there is no indication that the properties are intended to generate income.

considering all factors affecting those market values, including but not limited to the exclusive easement rights to the common area.

Jurisdiction relinquished.