570 A.2d 1386

**MONROE COUNTY BOARD OF ASSESSMENT APPEALS, Appellant,**

v.

**Joan Marie MILLER, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Dec. 15, 1989.

Decided March 1, 1990.

Mark S. Love, Miller & Love, Mount Pocono, for appellant.

Edmund G. Flynn, Bensinger, Flynn & Weekes, P.A., Stroudsburg, for appellee.

Before DOYLE and PALLADINO, JJ., and BARBIERI, Senior Judge.

DOYLE, Judge.

Before us for consideration is the appeal of the Monroe County Board of Assessment Appeals (Board) from an order of the Court of Common Pleas of Monroe County which sustained the assessment appeal of Joan Miller. The genesis of this case was a county-wide reassessment effective with the 1989 tax year. Miller owns four lots situate in the Borough of Mount Pocono which were reassessed as a result thereof. She appealed the valuation of her lots to the Board, and claimed that their worth was substantially diminished by benzene contamination. Although the Board reduced the assessment on three of the four lots by either thirty-five or fifty percent, Miller filed an appeal in the common pleas court. Following a hearing, the court sustained Miller's appeal as it related to three of the four lots, determining that those three lots were valueless and worth one dollar each due to contamination. With regard to Miller's fourth parcel, however, (tax code No. 10/5/1/14) the court found that Miller's expert had failed to express an opinion as to its fair market value, and, since the ground water beneath that lot was not contaminated, held that Miller had not met her burden of proof and affirmed the Board's determination of its fair market value. However, the Court went further, and *sua sponte* directed the Board to reduce the assessments of Miller's property in accordance with the court's application of the State Tax Equalization Board (STEB) common level ratio (CLR) of ten and four-tenths percent rather than Monroe County's twenty-five percent existing predetermined ratio (EPR). The Board's appeal to this Court followed.

Before this Court, the Board raises three issues. First, it contends that Miller's appeal to the common pleas court was untimely and that the court therefore lacked subject matter jurisdiction to hear the appeal. Second, it argues that the common pleas court improperly applied the STEB CLR rather than the County EPR. Third, it maintains that the common pleas court's valuation of Miller's three lots was not supported by substantial evidence.

With regard to the timeliness issue, Section 5571(b) of the Judicial Code, 42 Pa.C.S. § 5571(b), provides that an appeal from a decision of a tax assessment board must be filed within *thirty* days after the entry of the Board's order. If the order is served by mail, Section 5572 of the Judicial Code, 42 Pa.C.S. § 5572, provides that the date of mailing is deemed to be the date of entry of the order. In the instant case, it is undisputed that Miller was notified of the Board's decision by computer generated notices dated December 17, 1986. Each notice, however, stated that Miller had "the right to appeal this decision to Court.... within *60* days of the date hereof," (emphasis added) and each was sent over the name of Barry C. Seegar, Secretary to the Board. At the hearing, counsel for the Board made the following statement to the court:

A petition for appeal was prepared and was clocked in at the Prothonotary's Office on December 16, '88, which is within the 60–day period as set forth in the notice and was subsequently presented to the court.

I simply bring to the court's attention that the governing statute provides for a 30–day appeal period. The notification from the Board of Assessment Appeals was, therefore, erroneous. I will stipulate for the record that the taxpayer relied on the erroneous notification from the Board of Assessment Appeals.

I am not making any motion to dismiss the appeal on this basis because it is the county's position that because our notice was defective, that the taxpayer should not be charged with that error in filing date.

That's as a matter of fundamental fairness; however, I wanted to bring it to the court's attention just in case the court felt it was a jurisdictional matter that could not be waived by a party. If it can be waived we waive it. If it can't be waived, the property owner knows that they can appeal this thing next year. I just wanted to bring that to the court's attention.

By the way, we have corrected the notices. They now read 30 days. The prior statute did have 60.

(N.T. 2/2/89 at 4–5).

 It is well-settled that the timeliness of an appeal is a jurisdictional question which cannot be waived, and it may be raised at any stage of the proceedings by any party or by the court *sua sponte*. *Wilson Townhouses v. Berks County Board of Assessment Appeals*, 112 Pa.Commonwealth Ct. 498, 535 A.2d 1226 (1988). Thus, it is properly raised here by the Board. However, an appeal nunc pro tunc may be granted where a litigant is unintentionally misled by officials as to the proper procedure to be followed. *Tarlo v. University of Pittsburgh*, 66 Pa.Commonwealth Ct. 149, 443 A.2d 879 (1982).

 In *Tarlo*, counsel relied on the written statement of the Director of the Pittsburgh Human Relations Commission—official but erroneous—that an appeal was to be filed within thirty days of the *receipt* of the Commission's letter dismissing Tarlo's complaint, and filed an appeal to the common pleas court accordingly. The University, relying on Sections 5571(b) and 5572 of the Judicial Code, filed a motion to quash the appeal as untimely. The lower court granted the motion and Tarlo appealed. This Court reversed, and held that "even though the misleading information here was unintentional, we should not adopt a view which would permit the errors of public officials, having an effect equivalent to fraud on their part, to free an agency from review." *Tarlo*, 66 Pa.Commonwealth Ct. at 152, 443 A.2d at 880–881.

We believe that this rationale applies with equal force in the case at bar where it is clear that Miller relied on the erroneous statement contained on the Board's notice of decision and timely filed her appeal within that period. As such, the common pleas court did not abuse its discretion by hearing Miller's appeal.

The Board next argues that the common pleas court's *sua sponte* application of the STEB CLR rather than the County's EPR to Miller's assessments was improper because, *inter alia,* Miller waived the issue of the applicable ratio when she admittedly failed to raise it before the Board and before the court. Miller's waiver of the ratio issue was recognized by the court in its opinion but, based upon its reading of the applicable statute and the case law, the court determined that it had an affirmative statutory duty to apply the STEB CLR.[1]

The applicable statute is the Fourth to Eighth Class County Assessment Law (Law), Act of May 21, 1943, P.L. 571, *as amended,* 72 P.S. §§ 5453.101–5453.706. Section 704 of the Law, 72 P.S. § 5453.704, provides in pertinent part:

(b) In any appeal of an assessment the court shall make the following determinations:

(1) The market value as of the date such appeal was filed before the board of assessment appeals. In the event subsequent years have been made a part of the appeal, the court shall determine the respective market value for each such year.

---

1. The court stated at pages 11–12 of its opinion that:

In the instant case, the Board utilized an EPR of 25% in assessing [Miller's] property. [Miller] did not question the propriety of the Board's use of the EPR in assessing her property and did not raise the issue of which of the two ratios mentioned in Section 5453.704 should properly be applied in this case. Thus, it would appear that [Miller] has failed to preserve for our review any issue as to the proper ratio to be applied herein. Irrespective of this fact, we find that the authority cited and discussed [previously in its opinion] requires us to determine which of the two ratios should be applied and to apply the correct ratio to the fair market value of [Miller's] property.

(2) The common level ratio which was applicable in the original appeal to the board. In the event subsequent years have been made part of the appeal, the court shall determine the respective common level ratio for each such year published by the State Tax Equalization Board on or before July 1 of the year prior to the tax year being appealed.

(c) The court, after determining the market value of the property pursuant to subsection (b)(1), shall then apply the established predetermined ratio to such value unless the corresponding common level ratio determined pursuant to subsection (b)(2) varies by more than fifteen per centum (15%) from the established predetermined ratio, in which case the court shall apply the respective common level ratio to the corresponding market value of the property.

(d) *Nothing herein shall prevent any appellant from appealing any base year valuation without reference to ratio.* (Emphasis added.)

In *Butler Area School District Appeal,* 100 Pa.Commonwealth Ct. 452, 515 A.2d 326 (1986), *petition for allowance of appeal denied,* 516 Pa. 643, 645, 533 A.2d 714, 715 (1987), this Court held that when a taxpayer appeals an assessment to a court of common pleas, Section 704 of the law requires that court to determine the fair market value of the property in question, the STEB CLR, and, if the STEB CLR varies by more than fifteen percent from the EPR, the court must apply the STEB CLR to the property in question. *See also County of Monroe v. Pinecrest Development Corp.,* 98 Pa.Commonwealth Ct. 200, 510 A.2d 1274 (1986); *Kriebel Tax Assessment Case,* 79 Pa.Commonwealth Ct. 466, 470 A.2d 649 (1984) (both setting forth duties of common pleas courts pursuant to Section 704 of the Law). Based upon its reading of Section 704 and of the above cases, the common pleas court concluded that it was obliged to determine which of the two ratios should be applied and to apply the correct one, in spite of Miller's waiver of the issue. We believe this was error for the reasons which follow.

With regard to Section 704 of the Law, subsections (b) and (c) of that Section require the common pleas court to make the determinations noted *supra.* . However, subsection (d) of Section 704 expressly provides that "[n]othing herein shall prevent any appellant from appealing any base year valuation *without reference to ratio."* (Emphasis added.) The statute thus specifically allows a taxpayer to appeal an assessment based solely upon the valuation of property, or solely upon assessed ratio, or both. To interpret Section 704 in any other manner would effectively read subsection (d) out of existence and render it mere surplusage contrary to 1 Pa.C.S. §§ 1921(a) and 1922(2), which provide respectively that every statute shall be considered, if possible, to give effect to all its provisions, and that the General Assembly intends the entire statute to be effective.

We also find that the cases relied upon by the common pleas court, *Butler, Pinecrest* and *Kriebel,* are distinguishable because, unlike the instant case, the determination of the ratio issue in those cases was either inherently necessary to the resolution of the case or was raised by the parties before the common pleas court. In *Butler,* for example, the determination of the applicable ratio was necessary to resolve the constitutionality of Section 704 of the Law, while in *Pinecrest,* this Court remanded to the common pleas court pursuant to Section 704 for a determination of the *current market value* of the property in question. Finally, in *Kriebel,* the issue of the applicable ratio was raised by the Kriebels themselves.

▆▆▆ Therefore, we hold that the common pleas court erred when it *sua sponte* applied the STEB CLR rather than the County's EPR to Miller's appeal. We further hold that in a case such as this, where a determination of the ratio issue is not necessary to resolve the matter, a common pleas court is required to determine the applicable ratio pursuant to Section 704(b) and (c) only when that issue is raised.

■ The Board's third assignment of error is that the common pleas court's findings as to the valuation of Miller's three contaminated lots are not supported by substantial evidence. In tax assessment appeals, the initial burden is upon the Board to establish a prima facie case with regard to valuation, with the burden thereafter shifting to the taxpayer to present sufficient competent, credible and relevant evidence to overcome the prima facie validity of the Board's action. *Albarano v. Board of Assessment and Revision of Taxes and Appeals of Lycoming County,* 90 Pa.Commonwealth Ct. 89, 494 A.2d 47 (1985).

■ In the instant case Miller presented Chaba Pallaghy to testify as to valuation. Pallaghy's qualifications as an expert in the field of real estate appraisal were stipulated to by the Board. His expert opinion was that the known benzene contamination of Miller's three lots rendered them unmarketable and that they had but a nominal value of one dollar each.

Additionally, Miller herself testified that she had been forced to abandon her residence on one of the parcels, that she had been unable to sell or rent the properties over a lengthy period of time, and, that the biggest commercial real estate firm in the area expressed no interest in listing the properties because of the contamination. This testimony corroborated Pallaghy's opinion that the properties were unmarketable.

No rebuttal was presented by the Board, and the common pleas court, as fact finder, found the evidence credible. We hold, therefore, that the lower court's findings as to valuation are supported by substantial evidence.

Based on the above discussion, we affirm in part and reverse in part and remand for reapplication of the proper ratio.

## ORDER

NOW, March 1, 1990, the order of the Court of Common Pleas of Monroe County in the above-captioned matter is

affirmed as to the timeliness of the appeal and the valuation of the parcels one, two and three (tax code Nos. 10/6/1/24; 10/6/1/23; 10/5/1/28) and reversed on the issue of the applicable tax assessment ratio. The matter is therefore remanded to the common pleas court for reapplication of the correct ratio to the fair market value of Appellee's property at tax code No. 10/5/1/14.

Jurisdiction relinquished.