633 A.2d 1241

**In re Appeal of B.P. OIL COMPANY, INC., from the Action of the Board of Assessment Appeals of Jefferson County, Pennsylvania on Property Situate in Brookville, Parcel No. 06–18–151E**

v.

**BOARD OF ASSESSMENT APPEALS OF JEFFERSON COUNTY, Pennsylvania and Brookville Borough, Brookville School District.**

**Appeal of B.P. OIL COMPANY, INC., Appellant.**

Commonwealth Court of Pennsylvania.

Argued June 15, 1993.

Decided Nov. 3, 1993.

James G. Arner, for appellant.

Beth Ammerman Gerg, for appellee.

Before COLINS, J., KELLEY, J.(P.), and LORD, Senior Judge.

COLINS, Judge.

B.P. Oil Company, Inc. (Corporation) appeals an order of the Court of Common Pleas of Jefferson County (trial court), which upheld a property tax assessment by the Jefferson County Board of Assessment Appeals (Board).

The Corporation owns a truck stop (the property) in Jefferson County, Pennsylvania. For the year 1992, the Board determined that the fair market value of the property was

$2,400,000.00, and that the assessed value of the property was $720,000.00. The Corporation appealed that assessment to the Board; however, the Board refused to change the assessment. Thereafter, the Corporation appealed the Board's decision to the trial court, which conducted a hearing de novo. At the hearing, the Corporation contended that the Board's assessment was erroneous, because the fair market value of the property was reduced as the result of environmental contamination on the property. The Corporation placed evidence into the record showing that the soil and the groundwater beneath the property were contaminated by fuel leaks from underground storage tanks and pipelines. The evidence indicated that the property was contaminated with benzene, toluene, ethyl benzene, and polynuclear aeromatics. Further, the Corporation introduced evidence on the impact of environmental contamination on the fair market value of the property and on the appropriate method to calculate the market value of the property in its contaminated condition. The trial court, however, concluded that the Corporation failed to satisfy its burden of proving that the assessment was invalid and, thus, upheld the Board's assessment. This appeal followed.

The Corporation contends that the trial court erred in determining that the Corporation did not produce sufficient evidence to prove, for tax assessment purposes, that environmental contamination reduced the fair market value of the property. "Our scope of review in a tax assessment appeal is limited to determining whether the trial court abused its discretion, committed an error of law, or whether its decision is supported by substantial evidence." *Walnut–Twelve Associates v. Board of Revision of Taxes of the City of Philadelphia*, 131 Pa. Commonwealth Ct. 404, 411, 570 A.2d 619, 622, *petition for allowance of appeal denied*, 525 Pa. 652, 581 A.2d 577 (1990).

■ In an appeal of a property tax assessment to a trial court, the trial court is required to determine the fair "market value [of the property at issue] as of the date such appeal was filed before the board of assessment appeals[ ]" and "[t]he common level ratio which was applicable in the original appeal

to the board."[1]  Section 704 of The Fourth to Eighth Class County Assessment Law, Act of May 21, 1943, P.L. 571, *as amended*, 72 P.S. § 5453.704.  "[A] taxpayer [may] appeal an assessment based solely upon the valuation of [the] property, or solely upon [the] assessed ratio, or both." *Board of Assessment Appeals v. Miller*, 131 Pa. Commonwealth Ct. 538, 545, 570 A.2d 1386, 1389 (1990).

The Corporation argues that it presented sufficient evidence to show that the Board's assessment was inaccurate on the ground that the Board did not take into account the impact of environmental contamination on the fair market value of the property.  In *Walnut–Twelve Associates*, this Court described the burden of proof placed on a taxpayer challenging a tax assessment as follows:

> In a tax assessment hearing, the Board establishes a prima facie case in support of its valuation simply by the introduction into evidence of the Board's official assessment record. *Deitch Co. v. Board of Property Assessment*, 417 Pa. 213, 209 A.2d 397 (1965).  The valuation contained on the property card is presumptively valid and the burden of producing sufficient evidence shifts to the objector. *Id.*  If the taxpayer produces sufficient proof to challenge the Board's determination, then the property card loses the presumptive value previously afforded to it and can only be evaluated by the Court in the same method that the Court would use to weigh any other evidence. *Appeal of U.S. Steel Corp.*, 436 Pa. 435, 260 A.2d 779 (1970).

> Thereafter, the taxpayer still carries the burden of persuading the Court that the Board's valuation was not founded upon a proper legal basis, that it was excessive, unjust, inequitable, or not uniform in comparison with similar real estate in the district.

---

**1.**  Fair market value is defined as the "price which a purchaser, willing but not obliged to buy, would pay an owner, willing but not obliged to sell, taking into consideration all uses to which the property is adapted and might in reason be applied." *Buhl Foundation v. Board of Property Assessment*, 407 Pa. 567, 570, 180 A.2d 900, 902 (1962).

*Id.* at 411–12, 570 A.2d at 623. In the present case, the trial court determined that the Board established a prima facie case by introducing the assessment records. Further, the trial court concluded that the Corporation failed to produce sufficient evidence to overcome the presumption of validity attached to the Board's tax assessment. Hence, the trial court upheld the Board's assessment.

■ While our research has revealed no cases explicitly holding that environmental damage may be considered when determining the fair market value of land for property tax purposes, in *Miller*, we upheld a trial court's finding that benzene contamination reduced the fair market value of three parcels of real estate to one dollar each. In that case, the landowner presented expert testimony showing that the benzene contamination rendered the properties unmarketable and that the three parcels had a nominal value of one dollar each. The opinion of the expert was augmented by the testimony of the landowner, who testified that she was forced to abandon the parcels as a result of the contamination; she also testified that a real estate broker refused to list the properties for sale because of the contamination. In light of *Miller*, we conclude that environmental contamination is relevant to determining the fair market value of real estate for property tax purposes.

■ At the hearing before the trial court, the Corporation introduced unrebutted expert testimony showing that the groundwater and soil under the property was contaminated and that the contamination was caused by leaks from underground fuel tanks. The expert testified that it would take five years to clean up the contamination at a cost of approximately $653,370.00. Also, the Corporation produced the testimony of a real estate appraiser who testified that the contamination was a form of economic depreciation that had a negative impact on the property's fair market value. The appraiser testified that the fair market value of the property in its contaminated state should be calculated using the "cost approach." Under the cost approach, the fair market value of the property is calculated by subtracting the cost to cure the contamination from the value the property would have if it

were not contaminated. The appraiser testified that the fair market value of the property in an uncontaminated state was $1,586,833.00; subtracting the $653,370.00 needed to cure the contamination from that figure reduces the fair market value of the property to $933,630.00.

To rebut the Corporation's evidence, the Board introduced the testimony of the assistant assessor of Jefferson County. The assessor testified that he calculated the fair market value of the property to be $2,400,000.00. The assessor testified that he did not consider environmental contamination, when he determined the value of the property.

In light of the above, we conclude that the Corporation introduced sufficient evidence to overcome the prima facie validity of the Board's assessment. Therefore, we hold that the trial court erred in concluding that the Corporation failed to present sufficient proof to challenge the presumptive validity of the Board's assessment.

Accordingly, we must vacate the trial court's order and remand for additional proceedings. On remand, the trial court is directed to reexamine the evidence, giving the Board's assessment no more weight than any other evidence before it, and is directed to determine whether the Board's valuation of the property was excessive in light of the groundwater and soil contamination. If the trial court concludes that the assessment is excessive, it must determine the fair market value of the property in its contaminated condition.

## ORDER

**AND NOW,** this 3rd day of November, 1993, the order of the Court of Common Pleas of Jefferson County in the above-captioned matter is vacated, and this case is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.