**Stephen J. KRYGIER, Appellant,**

v.

**MONROE COUNTY BOARD OF ASSESSMENT APPEALS.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 15, 1995.
Decided Dec. 4, 1995.

Joseph P. McDonald, Jr., for appellant.

Mark S. Love, Assistant County Solicitor, for appellee.

Before DOYLE and NEWMAN, JJ., and MIRARCHI, Senior Judge.

DOYLE, Judge.

Stephen Krygier appeals an order of the Court of Common Pleas of Monroe County which affirmed the decision of the Monroe County Board of Assessment Appeals (Board) which applied an assessed value of $3,830.00 to a 1.1 acre lot owned by Krygier.

Krygier purchased the lot located in Pine Crest Estates, a subdivision, in June of 1978. Subsequent to the purchase, sewage and building permits were issued and, in 1979, Krygier commenced construction of a cabin and sewage system. The septic system, however, was never completed due to the "financial distress" of the contractor and the cabin was left only seventy-five percent complete because Krygier could not obtain a certification of occupancy without a completed sewer system.

In 1993, Krygier attempted to resume the construction and the installation of the sewer system, applying for a new permit to replace the original permit which had expired. The new sewer permit was denied because the lot did not percolate. Further, the partially completed septic system encroached beyond Krygier's property line and exceeded maxi-

mum slope restrictions in violation of the current Sewage Facilities Act.[1]

In January of 1994, a Department of Environmental Resources (DER) soil scientist evaluated Krygier's property for possible sewage alternatives and suggested the following solutions:

[T]he possible sewage alternatives are limited to an evapotranspiration greenhouse system, a four year fill project or contact the adjacent land owners about the possibility of purchasing or obtaining an easement to utilize a portion of their property for the installation of a sewage system providing that site testing is acceptable.

(DER Letter of January 27, 1994 at 2; Reproduced Record (R.R.) at 64a.) Krygier, however, pursued none of the sewage alternatives set forth in the DER letter.

The Board determined that the fair market value of Krygier's property was $15,240.00, allocating $4,500 to land value and $10,740 to the improvements. The assessed value of Krygier's property was set at $4,340.

On March 23, 1994, Krygier appealed to the Board seeking a reduction in the property's total assessed valuation. Following an administrative hearing, the Board reduced the assessed value to $3820 for the tax year 1995. Krygier, however, appealed the Board's decision to the trial court, which affirmed the Board's assessment on March 22, 1995. The trial court determined that the Board established a prima facie case regarding the valuation of Krygier's property and that Krygier failed to produce sufficient evidence to overcome the presumption of validity of the Board's action. Thus, the trial court upheld the Board's assessment. This appeal followed.

■ On appeal to this Court[2], Krygier contends that the trial court erred in failing to reduce the assessed value pursuant to Section 204 of The Fourth to Eighth Class County Assessment Law, Act of May 21, 1943, P.L. 571, *as amended,* 72 P.S.

§ 5453.204 (Assessment Law), because the Assessment Law mandates a temporary reduction in assessed valuations of land where an owner is precluded from proceeding with building or construction because of a sewer connection ban order due to inadequate sewage treatment facilities. The reduced assessment in such circumstances must be based upon the "best use" of the property during the period of reassessment. Krygier argues that the denial of the sewer permit constituted a "sewer ban order" and that he has no "best use" of his land due to poor drainage and soil conditions. Accordingly, Krygier argues, the assessed value of his property should be reduced to zero or, at least, nominal value.

Conversely, the Board argues that Section 204 applies only in cases in which a "sewer connection ban" precludes the landowner from building on his land. In the Board's view, that scenario is different from the instant case because, although Krygier's sewer permit was denied, he could have pursued one of the alternative sewage options and thereby obtained a sewer permit. The Board contends that because Krygier had these alternative sewer options available to him, his property does have value for tax assessment purposes.

■ In tax assessment appeals, the Board has the initial burden of establishing a prima facie case with regard to valuations which is satisfied when the Board introduces its official assessment record into evidence. *B.P. Oil Company, Inc. v. Board of Assessment Appeals of Jefferson County,* 159 Pa.Cmwlth. 414, 633 A.2d 1241 (1993). The burden then shifts to the taxpayer to present sufficient competent, credible and relevant evidence to overcome the prima facie validity of the Board's actions. *Id.*

■ Initially, we reject Krygier's argument regarding the applicability of Section 204 of the Assessment Law to the instant case. A "sewer connection ban" involves an order by DER directing a governmental enti-

1. Pennsylvania Sewage Facilities Act, Act of January 24, 1966, P.L. (1965) 1535, *as amended,* 35 P.S. §§ 750.1—750.20a.

2. Our scope of review in a tax assessment appeal is restricted to a determination of whether the

trial court committed an error of law or abused its discretion. *Bolus v. County of Monroe,* 168 Pa.Cmwlth. 459, 650 A.2d 1188 (1994).

ty to deny additional connections to an overloaded sewer system. *See* 25 Pa.Code § 94.1. There are no facts in the record showing that DER issued *any* order affecting Krygier's property, much less a sewer connection ban order. Further, Krygier has produced no case law or statutory support for the proposition that denying a single permit for an on-lot sewage system due to insufficient soil percolation is the equivalent of ordering a ban on additional connections due to an overloaded community sewer system. Clearly, Krygier's argument is without merit and, therefore, must be rejected.

■ Also, we reject Krygier's contention that he produced substantial evidence supporting the reduction of his property's assessed value to zero. Contrary to Krygier's contention, the instant case is distinguishable from our decision in *Monroe County Board of Assessment Appeals v. Miller*, 131 Pa. Cmwlth. 538, 570 A.2d 1386 (1990) in which we upheld a trial court's finding that benzene contamination reduced the fair market value of three parcels of real estate to one dollar each. We found that the trial court's decision was supported by substantial evidence in that case because the landowner presented expert testimony showing that the benzene contamination rendered the property totally unmarketable as well as the landowner's own testimony that she was forced to abandon the land as a result of the contamination. Conversely, in the instant case, aside from his own bald assertion that his property has zero value, Krygier has presented no testimony, expert or otherwise, that his property was worthless nor any testimony to explain why he has failed to explore any of the alternatives suggested by the DER soil scientist.

Further, we find our analysis in *Bolus* applicable to the case at bar. In *Bolus,* we reversed the trial court's determination that the property at issue had no value for tax purposes, concluding that the landowner's testimony, alone, that the real estate was economically useless to him, was insufficient to support the trial court's determination. In this regard, we explained,

> Property that may not be used for a particular purpose in its present state *may still have value based upon possible future uses.* The subject property has the potential to be quite valuable once all applicable permits have been obtained.

*Id.* 650 A.2d at 1191 (emphasis added).

In the instant case, the trial court found that Krygier's property may be used in the future if he implements the alternatives suggested by DER and, therefore, properly concluded that Krygier's land had value for tax assessment purposes.

Accordingly, we affirm the trial court's order.

### ORDER

NOW, December 4, 1995, the order of the Court of Common Pleas of Monroe County in the above-captioned matter is hereby affirmed.