IN THE COMMONWEALTH COURT OF PENNSYLVANIA

J. Larry Moyer,              :
            Appellant   :
                       :
      v.                : No. 587 C.D. 2019
                       : SUBMITTED: December 27, 2019
PPL Electric Utilities Corporation   :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                       FILED: February 28, 2020

J. Larry Moyer (Moyer), *pro se*, appeals from an April 3, 2019 order of the Schuylkill County Court of Common Pleas (trial court) dismissing his civil complaint against PPL Electric Utilities Corporation (PPL). We remand to the trial court for a determination of whether the appeal was timely.

In January 2019, Moyer filed this civil action against PPL. Moyer is seeking virtual aggregation of the electric meters for his solar array and residence. He also contends PPL is not paying the full amount owed to him for electric power generated by his solar array, which PPL purchases from him under the Alternative Energy Portfolio Standards Act.[1]

---

[1] Act of November 30, 2004, P.L. 1672, *as amended*, 73 P.S. §§ 1648.1 – 1648.8. This act fosters development of alternative energy sources, including solar energy. Homeowners who install solar panels receive credit on their electric bills for the energy generated by the panels. If the panels generate more electricity than the homeowner uses, the electric company must purchase the excess. The act allows a property owner to use a single meter that reflects the net electricity use or excess

In March 2019, PPL filed preliminary objections to Moyer's complaint, alleging the complaint was barred by *res judicata* and collateral estoppel based on previous litigation between the parties. Original Record (O.R.), Item #5. On the same day, PPL also filed a separate motion to dismiss Moyer's complaint as frivolous pursuant to Rule 233.1 of the Pennsylvania Rules of Civil Procedure.[2] *Id.*, Item #7.

On April 3, 2019, the trial court issued an order granting PPL's motion to dismiss. *Id.*, Item #12. The trial court dismissed Moyer's complaint with prejudice based on PPL's motion pursuant to Pa. R.C.P. No. 233.1(a). *Id.* As authorized by Pa. R.C.P. No. 233.1(c), the trial court also barred Moyer from filing further civil complaints related to the same subject matter without prior leave of court. *Id.* Both the order and the trial court docket indicate that copies of the April 3, 2019 order were mailed to the parties on that date. *Id.* at 1; Tr. Ct. Docket at 3.

---

electricity generated, or in some situations, to use two meters, using a mechanism known as virtual aggregation to determine the net electricity use or excess electricity generated.

[2] Rule 233.1 of the Pennsylvania Rules of Civil Procedure provides, in pertinent part:

(a) Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that

(1) the *pro se* plaintiff is alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants, and

(2) those claims have already been resolved pursuant to a written settlement agreement or a court proceeding.
* * *
(c) Upon granting the motion and dismissing the action, the court may bar the *pro se* plaintiff from pursuing additional *pro se* litigation against the same or related defendants raising the same or related claims without leave of court.

Pa. R.C.P. No. 233.1(a), (c).

Notwithstanding its April 3, 2019 dismissal of the complaint with prejudice, the trial court also entered an order on April 15, 2019, sustaining PPL's preliminary objections and dismissing the complaint with prejudice "in accord with" the April 3, 2019 order. O.R., Item #13. The April 15, 2019 order and the trial court docket indicate that copies of that order were mailed to the parties on that date. *Id.*; Tr. Ct. Docket at 3.

Moyer filed a notice of appeal from the April 3, 2019 order. He dated the notice of appeal April 30, 2019. O.R., Item #15. However, the trial court's docket and the date stamp on the document indicate the notice of appeal was not filed until May 13, 2019. *Id.*; Tr. Ct. Docket at 3. No reason for the delay appears in the record. Moyer did not file an appeal from the April 15, 2019 order.[3]

A notice of appeal must be *filed* within 30 days after entry of the order from which the appeal is taken. Pa. R.A.P. 903(a). According to the trial court docket, Moyer's notice of appeal was filed 40 days after entry of the April 3, 2019 order from which the appeal was taken. Facially, therefore, the appeal appears untimely.

However, the trial court issued a Pa. R.A.P. 1925(b) order on May 10, 2019, directing Moyer to file a statement of errors complained of on appeal. The trial court presumably would not have filed a Rule 1925(b) order had it not received the notice

---

[3] On November 8, 2019, PPL filed an Application for Relief and Motion to Dismiss (Application) based on Moyer's failure to appeal from the April 15, 2019 order. PPL argued the April 15, 2019 order offered an alternate basis for dismissal of the complaint with prejudice. PPL therefore urged this Court to dismiss Moyer's appeal of the April 3, 2019 order as moot because of his failure to appeal from the April 15, 2019 order. On December 13, 2019, this Court issued an order directing disposition of the Application together with the merits of the appeal. Based on our disposition of the appeal, we dismiss the Application as moot.

We note, however, that the April 3, 2019 order not only dismissed Moyer's complaint, but also barred Moyer from filing further civil complaints related to the same subject matter without prior leave of court, pursuant to Pa. R.C.P. No. 233.1(c). The April 15, 2019 order did not grant similar relief to PPL. Failure to appeal the April 15, 2019 order therefore would not render moot an appeal from the portion of the April 3, 2019 order that barred further civil actions.

3

of appeal prior to that date. The trial court also referred to the notice of appeal as timely in its Rule 1925(b) order. Further, PPL, in a subsequent application for relief, similarly referred to the notice of appeal as having been filed on April 30, 2019. This Court cannot discern from the record whether the docket and related date stamp on the notice of appeal are somehow in error, or whether the trial court and PPL were relying on the mailing date of the notice of appeal for their conclusion that the appeal was timely filed. Thus, the record does not definitively establish whether the notice of appeal was timely or untimely.

A timely appeal is a jurisdictional prerequisite. *Monroe Cty. Bd. of Assessment Appeals v. Miller*, 570 A.2d 1386 (Pa. Cmwlth. 1990) (timeliness of an appeal is a jurisdictional question; it cannot be waived and may be raised at any time by a party or by the court *sua sponte*). Accordingly, if Moyer's appeal is not properly before this Court, we lack jurisdiction to decide it. Moreover, an appellate court "may not enlarge the time for filing a notice of appeal . . . ." Pa. R.A.P. 105(b).

Because this Court is unable to determine whether Moyer's notice of appeal was timely filed, we remand to the trial court for that determination, including holding a hearing if necessary.


_____
ELLEN CEISLER, Judge

Judge Fizzano Cannon did not participate in the decision of this case.

4

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

J. Larry Moyer,      :
     Appellant :
          :
  v.       : No. 587 C.D. 2019
          :
PPL Electric Utilities Corporation :

# **O R D E R**

AND NOW, this 28th day of February, 2020, this matter is REMANDED to the Schuylkill County Court of Common Pleas (trial court) for a determination of whether J. Larry Moyer filed a timely notice of appeal. On remand, the trial court may hold an evidentiary hearing on the issue, if necessary. The trial court shall issue a supplemental opinion on the issue of timeliness within 30 days of the date of this order and shall transmit the original record to this Court within 10 days after filing its supplemental opinion.

The Prothonotary is directed to send a copy of this order and the foregoing opinion to the Honorable Charles M. Miller and the prothonotary of the trial court.

The Application for Relief and Motion to Dismiss filed by Appellee PPL Electric Utilities Corporation is dismissed as moot.

Jurisdiction is retained.

_____
ELLEN CEISLER, Judge