# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Iglesia Pentecostal Casa De Oracion,    :
                            Appellant    :
                                     :
            v.                           : No. 1151 C.D. 2023
                                     : Submitted: September 9, 2024
Luzerne County Board of Assessment    :
Appeals, Luzerne County, Hazleton    :
Area School District, and Hazle Township    :

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge
                  HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                      **FILED: October 4, 2024**

       Iglesia Pentecostal Casa De Oracion (Iglesia) appeals from an order of the Court of Common Pleas of Luzerne County denying its petition to file an assessment appeal *nunc pro tunc*. We affirm.

       The pertinent facts are straightforward and undisputed. On October 20, 2020, Iglesia, a non-profit corporation, purchased several properties in the city of Hazleton which it uses to operate its church.[1] Reproduced Record (R.R.) at 6a-12a. The purchase date for these properties fell after Luzerne County's deadline for filing assessment appeals for the year 2021, which was August 1, 2020.

       In March 2021, approximately five months after purchasing the properties, Iglesia filed an appeal with the Luzerne County Board of Assessment

---

[1] None of the taxing bodies dispute Iglesia's non-profit status and the trial court did not take evidence on this issue.

Appeals (Board) seeking a tax exemption for the properties given Iglesia's non-profit status. On June 29, 2021, the Board issued a decision finding the properties tax exempt effective January 1, 2022 for county and municipal taxes, and effective July 1, 2022 for school taxes. R.R. at 14a-15a. This decision specified that the deadline for filing an appeal was July 29, 2021. *Id.*

More than two years later, on August 3, 2023, Iglesia filed its petition with the trial court to file an assessment appeal *nunc pro tunc* for the year 2021.[2] R.R. at 1a-3a. The petition states simply that Iglesia "was not negligent in failing to file an assessment appeal and that the taxing bodies will not be prejudiced if it [is] allowed to file the appeal." R.R. at 3a. Following argument, at which counsel for the Board appeared and opposed the petition, the trial court issued the order denying the petition. In an opinion issued pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a), the trial court explained that Iglesia failed to present any evidence of fraud, "a breakdown in the [c]ourt's operations," or extraordinary circumstances that would warrant the granting of *nunc pro tunc* relief. R.R. at 20a. Because Iglesia failed to meet its burden for this extraordinary relief, the trial court denied the petition. The trial court did not reach the merits of Iglesia's tax issue, whether the properties should be tax exempt as of the date of purchase. *See* R.R. at 20a-21a; *see also* Iglesia's Br. at 9. The appeal to this Court followed.

Iglesia maintains that the trial court erred in denying its petition because it could not possibly have filed a timely assessment appeal when the properties at issue were not purchased until October 20, 2020, after the deadline for tax year 2021

---

[2] Confusingly, the prayer for relief states that Iglesia requests that the trial court grant it permission "to file an [a]ppeal [*n*]*unc* [*p*]*ro* [*t*]*unc* for the year 2021 whereby it will request that the assessment on its property be made tax exempt for the tax year 2020 and thereafter make all necessary orders and decrees to effectuate the [c]ourt's determination." R.R. at 3a (emphasis added).

had already passed.[3] Iglesia maintains that it "was not negligent in any way" in filing its petition *nunc pro tunc* and that it "relied upon the long[-]time policy of the Luzerne County Assessment Office whereby it would not oppose a non-profit entity" petitioning to file an assessment appeal *nunc pro tunc* "when [the non-profit entity] purchased property after the August 1st deadline to file assessment appeals." Iglesia's Br. at 12. This argument misses the mark as it fails to explain Iglesia's significant delays in seeking equitable relief.

Statutory appeal periods are mandatory and "cannot be extended as a matter of grace or mere indulgence" as they deprive a court of jurisdiction. *Union Elec. Corp. v. Bd. of Prop. Assessment, Appeals & Rev.*, 746 A.2d 581, 583 (Pa. 2000) [citing *Bass v. Commonwealth*, 401 A.2d 1133, 1135 (Pa. 1979)]. Because of this, an appeal *nunc pro tunc* is only granted "in certain extraordinary circumstances," such as fraud, a breakdown in the administrative process, or non-negligent circumstances relating to the petitioner or its counsel. *Criss v. Wise*, 781 A.2d 1156, 1159 (Pa. 2001). Even when one of these exceptions applies, "a petitioner in a *nunc pro tunc* appeal must proceed with reasonable diligence once [it] knows of the necessity to take action." *Ercolani v. Dep't of Transp., Bureau of Driver Licensing*, 922 A.2d 1034, 1037 (Pa. Cmwlth. 2007) (*en banc*) (citation omitted). *See also Kaminski v. Montgomery Cnty. Bd. of Assessment Appeals*, 657 A.2d 1028, 1031 (Pa. Cmwlth. 1995) (noting that the need to "proceed with reasonable diligence" is "a threshold matter" in a *nunc pro tunc* appeal).

Here, Iglesia waited almost five months after purchasing the properties to file its initial assessment appeal with the Board. In addition, it did not file the

---

[3] Our review of the denial of a petition to appeal *nunc pro tunc* is limited to determining whether the trial court abused its discretion or committed an error of law. *Croft v. Bd. of Prop. Assessment, Appeals & Rev.*, 134 A.3d 1129, 1130 n.3 (Pa. Cmwlth. 2016).

instant petition to appeal *nunc pro tunc* until more than two years after the Board issued its initial decision, which is the only *nunc pro tunc* petition before us in this appeal. This is not a situation where the acts of a public official or agency caused Iglesia's delay,[4] or where the Board was negligent in providing notice of the tax assessment.[5] In fact, Iglesia has presented *no* reason, let alone any evidence, to excuse its delays. These inordinate delays, without any explanation therefor, show a lack of reasonable diligence by Iglesia. *See Ercolani*, 922 A.2d at 1038; *Kaminski*, 657 A.2d at 1032 (finding "[t]axpayers have not attempted to explain the reason for this [six-month] lapse in time" and so they "failed to establish a right to appeal *nunc pro tunc*"). Therefore, we discern no abuse of discretion by the trial court in denying the petition.[6]

   Accordingly, we affirm the order of the trial court.

           ————————————————————
           **BONNIE BRIGANCE LEADBETTER**
           President Judge Emerita

---

[4] *See Union Elec. Corp.*; *Monroe Cnty. Bd. of Assessment Appeals v. Miller*, 570 A.2d 1386 (Pa. Cmwlth. 1990).

[5] *See Croft*, 134 A.3d at 1135.

[6] Given our decision regarding the *nunc pro tunc* issue, we do not reach the merits of the underlying tax issue addressed by the parties in their briefs.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Iglesia Pentecostal Casa De Oracion, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 1151 C.D. 2023 |
| | : | |
| Luzerne County Board of Assessment | : | |
| Appeals, Luzerne County, Hazleton | : | |
| Area School District, and Hazle Township | : | |

# **O R D E R**

AND NOW, this 4th day of October, 2024, the order of the Court of Common Pleas of Luzerne County in the above-captioned matter is hereby AFFIRMED.

 

 

_____

**BONNIE BRIGANCE LEADBETTER**
President Judge Emerita