583 A.2d 841

John STEFANOVITS, Appellant,

v.

Rocco P. MAGRINO, Ronald F. Piluso, Housing Mortgage Corporation, Peggy A. Rothert, Laura A. Jerick, Progressive Mortgage Company, J. Russell Holmes, Jr., Spring Hill Savings and Loan Association, David B. Salzman, Landmark Savings and Loan Association, Adele Rogers, Mellon Bank, N.A. and City of Pittsburgh, Appellees.

Eric RODGERS, Appellant,

v.

Rocco P. MAGRINO, Ronald F. Piluso, Housing Mortgage Corporation, Peggy A. Rothert, Laura A. Jerick, Progressive Mortgage Company, J. Russell Holmes, Jr., Spring Hill Savings and Loan Association, Adele Rogers, Mellon Bank, N.A., and the City of Pittsburgh, Appellees.

Commonwealth Court of Pennsylvania.

Argued Feb. 6, 1990.

Decided Nov. 27, 1990.

Reconsideration Denied Jan. 18, 1991.

Steven W. Alm, Rodgers, Rodgers, Cullis & Alm, Greensburg, for appellants.

J. Robert Hanlon, Jr., with him, Richard G. Kotarba, Meyer, Unkovic & Scott, Pittsburgh, for appellees, Mellon Bank, N.A. and Spring Hill Sav. and Loan Ass'n.

James G. Dunn, Wymard, Dunn, Gordon & Fall, Pittsburgh, for appellee, Rocco P. Magrino.

Edward A. Witt, Pittsburgh, for appellee, Ronald F. Piluso and Housing Mortg. Corp.

Donald R. Tomlinson, Koegler and Tomlinson, Pittsburgh, for appellee, Progressive–Home Federal Sav. and Loan Ass'n.

Jay N. Silberblatt, Sikov and Love, P.A., Pittsburgh, for appellee, Peggy A. Rothbert.

Michael J. Hennessey, Springer, Bush & Perry, Pittsburgh, for appellee, Adele Rogers.

Edward T. Harvey, Hergenroeder & Heights, P.C., Pittsburgh, for appellees, David B. Salzman and Landmark Sav. Ass'n.

George R. Specter, Pittsburgh, for appellee, City of Pittsburgh.

Before COLINS and SMITH, JJ., and BARRY, Senior Judge.

COLINS, Judge.

Eric Rodgers and John Stefanovits (Rodgers or Stefanovits, collectively appellants) appeal the order of the Court of Common Pleas of Allegheny County which granted all defendants' motions for compulsory nonsuit after appellants rested on liability.[1] We quash the appeal.[2]

The appellants are both owners of property upon which houses have been erected. Rodgers purchased lots 339 and 338 in 1979 and Stefanovits purchased lot 337 in 1963. The deeds identify these properties as lots fronting twenty feet along Sweetbrier Street, a forty foot street, and extending back one hundred feet to Altemus Alley, a twenty foot street at the rear. Although each property is identified by a post office mailing address on Sweetbrier Street, both streets are paper streets and are not open to travel nor readily visible on the ground. The actual method for egress or ingress is by crossing over the twenty foot width of Altemus Alley plus an additional few feet of adjoining private property abutting the distant side of Altemus Alley whereby the residents reach an unrecorded loop roadway.

---

1. This appeal was originally filed with the Pennsylvania Superior Court and, upon motion of the City of Pittsburgh, was transferred to this Court. 42 Pa.C.S. § 762(a)(4) and (7).

2. On October 22, 1990, this case was reassigned to the authoring judge for disposition, following an initial remand order, dated July 27, 1990.

The appellants and their predecessors in title for over thirty years have effectively taken over the entire twenty foot width of Altemus Alley as their own rearyards, having constructed stairs to gain the elevation necessary to reach the roadway on private property a few feet beyond Altemus Alley.

The instant action arose subsequent to the selling by the defendant, city of Pittsburgh (City), of a number of lots to defendant, Rocco P. McGrino (McGrino). The boundary of McGrino's lots is described as Altemus Alley. After acquiring the lots from the City, McGrino began construction of three separate buildings, each containing two side by side townhouse dwelling units. This construction eliminated almost entirely the unrecorded roadway, leaving the plaintiffs only a footpath and long walkway in which to reach the top of their steps.

Appellants complained to the City of their lack of access and, after discussion, McGrino dedicated a portion of other lots owned by him and paved a fishhook parking area to help alleviate the problem. Appellants were not satisfied with this attempted resolution, because a further problem existed. The walkway used to reach the fishhook parking area remained outside Altemus Alley and within the boundaries of the lots sold to McGrino. These lots have since been conveyed, along with the townhouse dwellings, to six purchasers who were also named as co-defendants in this action. In addition to the purchasers of these townhouses, the lending institutions or savings and loan associations were also named as co-defendants. One of these purchasers brought in the City as an additional defendant. Hearings were held on April 25, 1988 and April 27, 1988, at which time appellants concluded their case on liability. Motions for compulsory nonsuit were then filed by all defendants and the additional defendant.

In an extensive opinion, Judge Zeleznik of the Court of Common Pleas of Allegheny County, determined that all motions for compulsory nonsuit must be granted, it appear-

ing that appellants could not succeed under any theory or doctrine of law advanced.

The saga does not end here. On appeal, this court in an unpublished Memorandum Opinion filed July 27, 1990, explained its review of the record and its attempt to correlate the transcript of testimony and references in counsel's brief with the proffered exhibits. We determined that numerous exhibits were not included in the official record transferred to this Court. Furthermore, we could not determine the apparent reason for this omission, but concluded that Allegheny County local Rule 198.6, concerning the docketing of original exhibits with the Prothonotary subsequent to trial, had not been followed. We deemed it inadvisable to dismiss the appeal and, in the interest of justice, directed the Court of Common Pleas of Allegheny County, pursuant to Pa.R.A.P.1926, to allow counsel for all parties concerned to make certain that originals of any and all exhibits be transmitted to this Court as a supplemental record.

■ Upon receipt of the official record and a supplemental reproduced record, we again attempted appellate review. The following discussion will explain our inability to do so.

Pa.R.A.P. 2117 states, in pertinent part:

(a) General rule. The statement of the case shall contain, in the following order: ... (4) A closely condensed chronological statement, in narrative form, of all the facts which are necessary to be known in order to determine the points in controversy, with an appropriate reference in each instance to the place in the record where the evidence substantiating the fact relied on may be found. See Rule 2132 (references in briefs to the record).

A perusal of appellants' brief reveals numerous references to the interim opinion by Judge Zeleznik, one reference to a deed in the supplemental reproduced record and transcript, and one reference to a thirteen page section of a transcript. Obviously, citing to the lower court's opinion is not a reference to the place in the record that substantiates a fact. The narrative upon which the issues are based

states many facts, but only references the two aforementioned places in the actual record. Because appellant has failed to comply with the Pennsylvania Rules of Appellate Procedure, as discussed below, appellees in their brief, were forced to designate references as "plaintiff's composite exhibits." This method requires a search because no page numbers exist in the record. Without more, an appellate review is extremely difficult, if not impossible.

Furthermore, Pa.R.A.P. 2173 requires that the pages of the reproduced record be numbered and Pa.R.A.P. 2132 indicates the manner in which they should be numbered, so that a reference can be easily found. Herein, the supplemental reproduced record, containing approximately 150 pages, does not comply with these rules and rather than a table of contents (See Pa.R.A.P. 2174) only lists the exhibits and the number of pages covered by each exhibit. Since the pages are not numbered, this Court is asked to thumb through an extensive record to find an exhibit marker and then to search through one to forty-one pages of an exhibit to find the specifically referenced fact. A practice such as this, if allowed, would unnecessarily prolong the judicial process and could conceivably halt it entirely.

It is not the duty of the appellate courts to collate and number exhibits, nor to number the pages of a reproduced record. One of the purposes of the Rules of Appellate Procedure is to effectuate swift and efficient review of a party's allegations of error. Therefore, it is incumbent upon the appellants, not the Court, to specifically correlate the allegations of error to the record and the exhibits. It would be impossible for the Commonwealth's appellate courts to function if the Rules of Appellate Procedure, regarding briefs and reproduced records, were not substantially complied with.

We also must note that appellants' manner of including the "Statement of Questions Involved" in the brief does not comply with Pa.R.A.P. 2116, which states, *inter alia,* that the rule "is to be considered in the highest degree mandatory, admitting of no exception." In both appellants'

original brief and the amended brief, the Statement of Questions Involved is contained upon the same page as the beginning of the Statement of the Case. We note, however, that we are not using appellants' lack of technical compliance with Pa.R.A.P. 2116, as the basis for quashing this appeal.[3]

In closing, we emphasize that the Court has previously allowed the appellants an opportunity to make corrections in the instant matter. Having once done so, we refuse to grant the appellants another bite of the apple. The appeal is quashed.

## ORDER

AND NOW, this 27th day of November, 1990, the appeal in the above-captioned matter is quashed.

PELLEGRINI, J., did not participate in the decision in this case.

---

**3.** *See, e.g., Commonwealth v. Sanford,* 299 Pa.Superior Ct. 64, 445 A.2d 149 (1982).