IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton Brown,                                  :
                                              :
                    Appellant                 :
                                              :
            v.                                : No. 1170 C.D. 2019
                                              : Submitted February 3, 2023
Eileen W. Behr, Mark Barbee,                  :
Mark Levy                                     :


OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                    FILED:  August 15, 2023


        Alton Brown (Inmate), an inmate at the State Correctional Institution at
Fayette (SCI-Fayette), appeals *pro se* from the order of the Montgomery County
(County) Court of Common Pleas (trial court) granting the Motion for Summary
Judgment (Summary Judgment Motion) filed by Eileen W. Behr, the County's
former sheriff, Mark Barbee, the County's prothonotary, and Mark Levy, a former
supervisor in the prothonotary's office (collectively, Defendants), filed in response
to Inmate's Petition for Writ of Mandamus (Mandamus Petition).  We remand.

        On October 16, 2015, Inmate filed the Mandamus Petition seeking to
compel Defendants to perform their respective legal duties regarding service of
original process, and to perform mandatory ministerial duties regarding docketing
and entering filings, with respect to six civil actions that Inmate commenced in the
trial court.  Original Record Docket Entry (OR Dkt.) #0.  On December 16, 2015,
Defendants filed a Motion to Dismiss Petition for Mandamus pursuant to Section

6602 of the Prison Litigation Reform Act (PLRA), 42 Pa. C.S. §6602 (Motion to Dismiss I). OR Dkt. #5. On December 28, 2017, Defendants filed a Motion to Dismiss Petition for Writ of Mandamus (3 Strikes) (Motion to Dismiss II). OR Dkt. #71. In addition, On January 12, 2018, Defendants filed their Summary Judgment Motion. OR Dkt. #74.

On June 12, 2019, the trial court issued an order that stated, in relevant part:

> [U]pon consideration of Defendants' Motion to Dismiss [I], filed on 12/16/15 ([OR Dkt.] #5); Defendants' Motion to Dismiss [II], filed on 12/28/17 ([OR Dkt.] #71); Defendants' [Summary Judgment Motion], filed 1/12/18 ([OR Dkt.] #74); and [Inmate's] Answer/Response filed on 2/11/19 (OR Dkt. #112), and Argument held on May 17, 2019, by Video Conference **via** link with [SCI-Fayette], it is hereby **ORDERED** and **DECREED** that Defendants' [Summary Judgment Motion] is **GRANTED**. Defendants' Motion to Dismiss [II] is **DISMISSED as MOOT** in view of the [c]ourt's ruling on Defendants' [Summary Judgment Motion].

> It is further **ORDERED** that [Inmate's] Motion to Strike Defendants' Preliminary Objections and Motion for Summary Judgment, filed on 5/28/19 and 6/3/19 ([OR Dkt.] #123, #124, #125) are **DENIED**.

Trial Ct. 6/12/19 Order (emphasis in original). On August 14, 2019, Inmate filed the above-captioned appeal from the trial court's order.[1]

---

[1] As this Court has observed:

> Our standard of review on appeal from the grant or denial of summary judgment is *de novo*, and our scope of review is plenary. Our review is limited to determining whether the trial court committed an error of law or abuse of discretion. Summary judgment is only appropriate where, upon examination of the record in the light most favorable to the nonmoving party, no genuine issue

**(Footnote continued on next page…)**

On December 5, 2019, this Court issued an order in which we noted that the instant appeal appeared to be untimely, and directed the parties to address this issue in their principal briefs on the merits.[2]  In his appellate brief, Inmate explains that he timely deposited his notice of appeal with the prison authorities on July 12, 2019, but it was rejected by Defendants on July 22, 2019, as evidenced by the "Voided Dockets" portion of the trial court's docket entries contained in the Original Record.  *See* Brief of Appellant at 21.  In support, Inmate claims that he "can support his filings mentioned above with prison 'Postage Slips' if given the opportunity[.]"  *Id.*

As the Pennsylvania Supreme Court explained:

> We note . . . that [Pa.R.A.P.] 1514 explicitly provides that an appeal may be deemed "filed" either on the date the prothonotary receives it or on the date the appellant deposits it with the United States Postal Service if he uses a Postal Form 3817, Certificate of Mailing, on which the postal clerk stamps the date of mailing.  [Pa.R.A.P.] 903 states generally that an appellant may file the notice of appeal with the clerk of the lower court and [Pa.R.A.P.] 905 explains that the date of filing will be the date that the clerk receives the appeal.  We believe that the language of [Pa.R.A.P.] 903 is amenable to an exception for *pro se* prisoners.  Therefore, we extend the prisoner mailbox rule to all appeals by *pro se* prisoners. . . .

of material fact exists and the moving party is clearly entitled to a judgment as a matter of law.

*Clean Air Council v. Sunoco Pipeline L.P.*, 185 A.3d 478, 485-86 (Pa. Cmwlth. 2018) (citations omitted).

[2] *See, e.g.*, Section 5571(b) of the Judicial Code, 42 Pa. C.S. §5571(b) ("[A]n appeal . . . from a court to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order."); Pa.R.A.P. 903(a) ("[T]he notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken.").

Next, we turn to the type of evidence a *pro se* prisoner may present to prove that he mailed the appeal within the deadline. As provided in [Pa.R.A.P.] 1514, a Postal Form 3817, Certificate of Mailing, constitutes proof of the date of mailing. In *Smith* [*v. Pennsylvania Board of Probation and Parole*, 683 A.2d 278 (Pa. 1996)], we said that the "Cash Slip" that the prison authorities gave Smith noting both the deduction from his account for the mailing to the prothonotary and the date of the mailing, would also be sufficient evidence. We further stated in *Smith* that an affidavit attesting to the date of deposit with the prison officials likewise could be considered. This Court has also accepted evidence of internal operating procedures regarding mail delivery in both the prison and the Commonwealth Court, and the delivery route of the mail, to decide the last possible date on which the appellant could have mailed an appeal based on the date that the prothonotary received it. Proof is not limited to the above examples and we are inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the appeal with the prison authorities.

*Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997) (citations omitted). Relevant here, the Supreme Court also observed that "[w]here . . . the facts concerning timeliness are in dispute, a remand for an evidentiary hearing may be warranted." *Id.* at 426 n.3.

To this end, this Court has previously noted:

A timely appeal is a jurisdictional prerequisite. *Monroe* [*County Board*] *of Assessment Appeals v. Miller*, 570 A.2d 1386 (Pa. Cmwlth. 1990) (timeliness of an appeal is a jurisdictional question; it cannot be waived and may be raised at any time by a party or by the court *sua sponte*). Accordingly, if [the appellant's] appeal is not properly before this Court, we lack jurisdiction to decide it. Moreover, an appellate court "may not enlarge the time for filing a notice of appeal . . . ." Pa.R.A.P. 105(b).

Because this Court is unable to determine whether [the appellant's] notice of appeal was timely filed, we

4

remand to the trial court for that determination, including holding a hearing if necessary.

*Moyer v. PPL Electric Utilities Corporation* (Pa. Cmwlth., No. 587 C.D. 2019, filed February 28, 2020), slip op. at 4.[3]  Likewise, the above-captioned appeal will be remanded to the trial court to determine whether Inmate's notice of appeal was timely filed.

Moreover, with respect to the merits of Inmate's appellate claims, our review of the Original Record in this matter demonstrates that a number of critical docket entries are not contained therein.  Specifically, the following original documents, referred to in the trial court's order, are not contained in the Original Record:  (1) Inmate's October 16, 2015 Mandamus Petition, OR Dkt. #0; (2) Defendants' December 16, 2015 Motion to Dismiss I, OR Dkt. #5; (3) Defendants' December 28, 2017 Motion to Dismiss II, OR Dkt. #71; and (4) Defendants' [Summary Judgment Motion], filed 1/12/18, OR Dkt. #74).

Pa.R.A.P. 1926(b)(1) states, in pertinent part:

> If anything material to a party is omitted from the record by error, breakdown in processes of the court, or accident . . . the omission . . . may be corrected . . . [b]y the trial court or the appellate court . . . by its own initiative at any time; in the event of correction or modification by the trial court, that court shall direct that a supplemental record be certified and transmitted if necessary[.]

In a similar circumstance, this Court recounted:

> On appeal, this [C]ourt in an unpublished [m]emorandum [o]pinion . . . explained its review of the record and its attempt to correlate the transcript of testimony and references in counsel's brief with the proffered exhibits.

---

[3] *See* Pa.R.A.P. 126(b) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008.  Non-precedential decisions . . . may be cited for their persuasive value.").

> We determined that numerous exhibits were not included in the official record transferred to this Court. Furthermore, we could not determine the apparent reason for this omission, but concluded that [a local rule], concerning the docketing of original exhibits with the [p]rothonotary subsequent to trial, had not been followed. We deemed it inadvisable to dismiss the appeal and, in the interest of justice, directed the [court of common pleas], pursuant to Pa.R.A.P.1926, to allow counsel for all parties concerned to make certain that originals of any and all exhibits be transmitted to this Court as a supplemental record.

*Stefanovits v. Magrino*, 583 A.2d 841, 842-43 (Pa. Cmwlth. 1990). Likewise, this matter will be remanded to the trial court to compile and transmit the omitted items from the Original Record to this Court as a supplemental record.

Judge Fizzano Cannon did not participate in the decision of this case.

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton Brown,                        :
                                    :
                    Appellant       :
                                    :
            v.                      : No. 1170 C.D. 2019
                                    :
Eileen W. Behr, Mark Barbee,        :
Mark Levy                           :

**PER CURIAM**

# **O R D E R**

AND NOW, this 15<u>th</u> day of <u>August</u>, 2023, the above-captioned matter is REMANDED to the Montgomery County Court of Common Pleas (trial court) for a determination of whether Alton Brown filed a timely notice of appeal. On remand, the trial court may hold an evidentiary hearing on the issue, if necessary. The trial court shall issue a Supplemental Opinion on the issue of timeliness within ninety (90) days of the date of this Order and shall transmit a Supplemental Record, including the omitted items outlined above, to this Court within ten (10) days after filing its Supplemental Opinion.

The Prothonotary is directed to send a copy of this Order and the foregoing Memorandum Opinion to the Honorable Steven C. Tolliver, Sr. and the prothonotary of the trial court.

Jurisdiction is retained.